1   DAVID J. DOW, Bar No. 179407
    ddow@littler.com
2   LITTLER MENDELSON, P.C.
    501 W. Broadway
3   Suite 900
    San Diego, CA  92101.3577
4   Telephone:   619.232.0441
    Fax No.:      619.232.4302
5

6   ALEXIS A. SOHRAKOFF, Bar No. 273410
    asohrakoff@littler.com
7   LITTLER MENDELSON, P.C.
    333 Bush Street
8   34th Floor
    San Francisco, California  94104
9   Telephone:   415.433.1940
    Facsimile:   415.399.8490
10

11  Attorneys for Defendant
    FIRST STUDENT MANAGEMENT, LLC

12

                    UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14

15
    BHANU VIKRAM, an individual, on          Case No.
16  behalf of himself, and on behalf of all
    persons similarly situated,              **DEFENDANT FIRST STUDENT, INC.'S**
17                                           **NOTICE OF REMOVAL OF CIVIL**
                    Plaintiff,               **ACTION FROM STATE COURT**
18
        v.                                   **28 U.S.C. §§ 1332(d) and 1446**
19
    FIRST STUDENT MANAGEMENT,
20  LLC, a Limited Liability Company, and    Complaint Filed:  July 6, 2017
    DOES 1 through 50, Inclusive,
21
                    Defendant.
22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.                                                        NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF BHANU VIKRAM AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant First Student Management, LLC ("Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California for the County of San Francisco to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446, on the following grounds:

## I.     STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).  CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     VENUE

2.     Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 84(a), 1441(a), and 1446(a).  Plaintiff originally brought this action in the Superior Court of the State of California, County of San Francisco.  The appropriate assignment of this action is to the San Francisco/Oakland Division of this Court.  N.D. Cal. Civil Local Rules 3-2(d).

## III.     PLEADINGS, PROCESS, AND ORDERS

3.     On July 6, 2017, Plaintiff Bhanu Vikram ("Plaintiff") filed a Class Action Complaint against Defendant and various Doe defendants in San Francisco County Superior Court, titled: *BHANU VIKRAM, an individual, on behalf of himself, and on behalf of all persons similarly situated, v. FIRST STUDENT MANAGEMENT, LLC, a Limited Liability Company, and Does 1 through 50, Inclusive,* Case No. CGC-17-559963 (hereinafter, the "Complaint").  The Complaint asserts the following causes of action:  (1) unfair competition in violation of California Business and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.                                    1.                           NOTICE OF REMOVAL

1  Professions Code §§ 17200, *et seq.*; (2) failure to pay minimum wages in violation of California

2  Labor Code §§ 1194, 1197 and 1197.1; (3) failure to provide accurate itemized statements in

3  violation of California Labor Code § 226; and (4) failure to provide wages when due in violation of

4  California Labor Code §§ 201, 202 and 203.

5          4.      On July 13, 2017, Plaintiff served the Complaint, along with copies of the

6  Summons, Cover Sheet, Instructions, Notice and attachments, Stipulation, and Statement, on

7  Defendant, through Defendant's agent for service of process, CT Corporation System. Attached

8  hereto as Exhibit "A" is a true and correct copy of the Summons, Civil Case Cover Sheet

9  and all other court attachments served on Defendant.

10          5.      On August 11, 2017, Defendant filed an answer in the San Francisco County

11  Superior Court. Attached hereto as Exhibit "B" is a true and correct copy of Defendant's Answer.

12          6.      Pursuant to 28 U.S.C. § 1446(d), the attached Exhibits constitute all process,

13  pleadings and orders served on Defendant or filed or received by Defendant in this action. To

14  Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed

15  in San Francisco Superior Court or served by any party. To Defendant's knowledge, no proceedings

16  related hereto have been heard in San Francisco Superior Court.

17  **IV.    TIMELINESS OF REMOVAL**

18          7.      This Notice of Removal is timely filed as it is filed within thirty (30) days of

19  July 13, 2017, the date of service of the Summons and Complaint, and within one year from the

20  commencement of this action. See 28 U.S.C. § 1446(b).

21  **V.    NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT**

22          8.      Contemporaneously with the filing of this Notice of Removal in the United

23  States District Court for the Northern District of California, the undersigned is providing written

24  notice of such filing to Plaintiff's counsel of record. In addition, a copy of this Notice of Removal

25  will be filed with the Clerk of the Superior Court of the State of California, County of San Francisco.

26  **VI.    CAFA JURISDICTION**

27          9.      This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d),

28  and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.                     2.                       NOTICE OF REMOVAL

class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official or other governmental entity; (3) there is diversity between at least one class member and the sole named and served Defendant; and (4) the total amount in controversy for all class members exceeds $5,000,000.

**A. Plaintiff Alleges Claims On Behalf Of More Than 100 Putative Class Members.**

10. The CAFA provides that "the number of members of all proposed plaintiff classes in the aggregate [not be] less than 100." 28 U.S.C. § 1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). This requirement is easily met in the case at bar.

11. The Complaint has been filed as a class action. *See* Ex. A. In the Complaint, Plaintiff brings his first cause of action under Business and Professions Code section 17200, *et seq.* "on behalf of a California Class, defined as all individuals who are or previously were employed by Defendant in California as bus drivers and classified as non-exempt employees . . . at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court." (Complaint ¶ 19.)

12. Plaintiff brings his Second, Third and Fourth Causes of Action for failure to pay minimum wage, failure to provide accurate wage statements and failure to provide wages when due on behalf of a "California sub-class," defined as "all members of the [California Class] classified as non-exempt employees . . . at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court." (Complaint ¶ 29.)

13. Alleging a UCL violation extends the statute of limitations on Plaintiff's minimum wage claim from three to four years. See Bus. & Prof. Code § 17208; *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

14. Based on an analysis of Defendant's records, from July 6, 2013 through approximately August 10, 2017, there have been an estimated 5,750 current and former non-exempt bus-drivers employed by Defendant in California. As such, this action has been brought on behalf of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.                                      3.                        NOTICE OF REMOVAL

a class of more than 100 individuals. Plaintiff also alleges that the persons who comprise the class and subclass are "so numerous that the joinder of all [such class members] is impracticable." (Complaint ¶¶ 25(a), 35(a).)

**B.    Defendant Is Not A Government Entity.**

15.    Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

16.    Defendant is a limited liability company, not a state, state official or other government entity exempt from the CAFA.

**C.    At Least One Member Of The Alleged Class Is A Citizen Of A State Different From Any Defendant.**

17.    CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

18.    Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"). At the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff resided in the County of San Francisco, in the State of California. Plaintiff is therefore a citizen of California. Additionally, inasmuch as the putative class alleged in the Class Action Complaint is made up of individuals employed as drivers in California, it is reasonably presumed that a vast majority of the putative class are California residents.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.                                              4.                                    NOTICE OF REMOVAL

19.     Conversely, Defendant is not a citizen of California.  A limited liability company's citizenship is determined by examining the citizenship of each of its members.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  Defendant's sole member is First Transit, Inc., which is incorporated under the laws of the State of Delaware and is therefore a citizen of the state of Delaware.  28 U.S.C. § 1332(c)(1).

20.     First Transit, Inc. is also a citizen of the state of Ohio because a corporation is deemed to be a citizen of the state in which it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of business, courts apply the "nerve center test," which deems the principal place of business to be the state "where a corporation's officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  The principle place of business is normally "where the corporation maintains its headquarters."  *Id*.  First Transit, Inc. has its headquarters at 600 Vine Street, Cincinnati, Ohio.  Nearly all of the corporate decisions of First Transit, Inc., including operational, executive, administrative and policymaking decisions, are made from Defendant's Cincinnati, Ohio headquarters.  First Transit, Inc.'s management and administrative functions are located in Cincinnati, Ohio, including human resources, finance, treasury, legal, payroll, and safety.  First Transit, Inc.'s "nerve center" and, thus, its principal places of business, is located in Ohio.  *See Hertz*, 559 U.S. at 92-93.

21.     No other party has been named or served as of the date of this removal.  The presence of Doe defendants in this case has no bearing on diversity with respect to removal.  *See* 28 U.S.C. § 1441(a) ("[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

22.     Accordingly, the named Plaintiff is a citizen of a state different from Defendant, and diversity exists for purposes of CAFA jurisdiction.  *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.                                     5.                          NOTICE OF REMOVAL

**D.      The Amount In Controversy Exceeds $5,000,000.[1]**

23.      The CAFA requires the "matter in controversy" to exceed "the sum or value of $5,000,000 exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

24.      The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court in *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554, 2014 WL 7010692 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id.*

25.      The amount in controversy here well exceeds the $5 million threshold.

**1.      Plaintiff's Fourth Cause of Action for Waiting Time Penalties Under Labor Code § 203 Alone Places Over Nine Million Dollars In Controversy.**

26.      As his Fourth Cause of Action, Plaintiff seeks waiting time penalties pursuant to Labor Code § 203. (Complaint, ¶¶ 70-77.) The statute of limitations for Plaintiff's Labor Code § 203 waiting time penalty claim is three years. *Pineda v. Bank of America, N.A.,* 50 Cal. 4th 1382, 1935 (2010) ("no one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages"). Plaintiff "demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment" during the three-year statute of limitations period. (Complaint ¶ 77.) Based on an analysis of Defendant's records, an estimated 2,224 bus drivers have separated from

---

[1]  The alleged damages calculations contained herein are for purposes of removal only. Defendant denies that Plaintiff or the putative class are entitled to any relief whatsoever and expressly reserves the right to challenge Plaintiff's alleged damages in this case.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.                                      6.                              NOTICE OF REMOVAL

employment with Defendant since July 6, 2014 and non-exempt bus-drivers were paid, on average, an estimated $18.16 per hour during the statutory time frame. Accordingly, although Defendant vigorously denies Plaintiff's allegations, including any alleged damages, based on the reasonable assumption that the putative class members would receive waiting time penalties based on eight-hour days for thirty days, an estimate of the amount in controversy related solely to waiting time penalties is **$9,693,081.60**.[2]

> **2.** **Plaintiff's Third Cause Of Action For Failure To Furnish Accurate Wage Statements In Violation Of Labor Code § 226 Alone Places Over Seven Million Dollars In Controversy.**

27. Plaintiff alleges that Defendant failed to provide him and the putative class members with accurate wage statements in violation of section 226. (Complaint ¶¶ 66-69.) Plaintiff alleges that the wage statements "failed to show, among other things, the correct amount of gross wages earned, the correct federal overtime rate for federal overtime worked, including work performed in excess of forty (40) hours in any workweeks, and the correct penalty payments or missed rest periods." (Complaint, ¶ 68.) Additionally, Plaintiff alleges that the wage statements "failed to list the total hours worked by PLAINTIFF and other CALIFORNINA LABOR SUB-CLASS Membeers each pay period because [of] DEFENDANT's policy that required CALIFORNIA LABOR SUB-CLASS Members to work off the clock as described herein." (*Id.*); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. Feb. 27, 2008) (courts may consider maximum penalty in calculating amount in controversy for wage statement claim); *Duberry v. J. Crew Group, Inc.*, No. 2:14-CV-08810, 2051 WL 4575018, *6-7 (C.D. Cal. July 28, 2015) (finding reasonable to apply a 100% violation rate as to the inaccurate wage statement claim).

28. Plaintiff's wage statement claim is subject to a one year statute of limitations. *See Singer v. Becton, Dickinson & Co.*, No. 08-cv-821, 2008 WL 2899825, *11-14 (S.D. Cal., July 25, 2008). Based on an analysis of Defendant's records, from July 6, 2016 to approximately August 10, 2017, Defendant has issued an estimated 75,301 wage statements to an estimated 3,671 bus-

---

[2] This figure was calculated as follows: 8 hours per day x 30 days x $18.16 x 2,224 former bus-drivers = $9,693,081.60.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

drivers employed in California. Labor Code section 226(c) provides for penalties in the amount of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." (See also Complaint, ¶ 69 (seeking $50 for the initial pay period in which the alleged violation occurred and $100 for subsequent pay periods).) Accordingly, a conservative estimate of said claim would result in an amount in controversy for the statutory period of **$7,346,550**.[3]

### 3. Plaintiff's Second Cause of Action For Unpaid Minimum Wage Further Increases The Amount In Controversy To Well Over $5 Million In Total.

29. By way of Plaintiff's Second Cause of Action, Plaintiff and the putative class seek allegedly unpaid minimum wages equal to the amount of unpaid wages pursuant to California Labor Code §§ 1194, 1197, and 1197.1. (Complaint ¶¶ 52 – 60.) Specifically, Plaintiff alleges that Defendant "maintained a uniform wage practice of paying [Plaintiff] and the other [putative class members] without regard to the correct amount of time they worked" and as a result of this alleged practice, among others, Plaintiff and the putative class members "did not receive the correct minimum wage compensation for their time worked for" Defendant. (Complaint ¶¶ 57, 60.) Specifically, Plaintiff alleges he and the putative class worked off-the-clock an average of five to ten minutes daily. (Complaint ¶ 9.) The California state minimum wage during the statutory period ranged from $8.00 to $10.50.[4]

30. Based on an analysis of Defendant's records, the putative class members worked an estimated 590,905 workweeks since July 6, 2013. Plaintiff alleges he and the putative class worked off-the-clock an average of five to ten minutes daily and that this practice resulted in Defendant allegedly failing to pay minimum wage to Plaintiff and the putative class members.

---

[3] This figure was calculated as follows: 3,671 initial pay period violations x $50 = $183,550. 71,630 subsequent pay period violations x $100 = $7,163,000. The sum of the foregoing sub-totals is $7,346,550.

[4] See IWC California Minimum Wage Order § 2. For employers with at least 26 employees, effective January 1, 2008, the minimum wage was $8.00 per hour and effective July 1, 2014, the minimum wage was $9.00 per hour. Effective January 1, 2016, the minimum wage was $10.00 per hour and effective January 1, 2017, the minimum wage was $10.50 an hour.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.      8.      NOTICE OF REMOVAL

(Complaint ¶¶ 9, 7, 60.) Accordingly, based on the conservative assumption that putative class members were not paid a $9.00 minimum wage for five minutes of work each workday, the amount in controversy for Plaintiff's minimum wage claim is estimated at **$2,215,893.75**.[5]

### 4. Plaintiff's Claim For Attorneys' Fees Further Increases The Amount In Controversy Beyond The $5 Million Threshold.

31. Plaintiff also seeks attorneys' fees, which the Court should consider and include in the amount in controversy since the California Labor Code allows recovery of such fees. (Complaint, Prayer for Relief, ¶ C); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Attorneys' fees awards in California wage and hour class actions can total millions of dollars. *See, e.g., McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class action, but reversing as to multiplier); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equate to total fees of $1,199,550 in class action involving violations of a living wage ordinance, among others).

32. In assessing attorneys' fees for purposes of calculating the amount in controversy, numerous district courts within the Ninth Circuit have assessed fees through trial. *See Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, 2014 WL 651923, at *10-11 (E.D. Cal. Feb. 19, 2014) (holding that an estimate of the amount of attorney hours through trial was a reasonable estimate for purposes of determining amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (same.) Additionally, the Ninth Circuit's established benchmark of 25% of damages for an award of attorneys' fees in class actions provides a reasonable basis to determine the amount of attorneys' fees likely to be recovered. *See Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the

---

[5] This figure was calculated as follows: 590,905 workweeks x 5 days per week x (5 minutes per day / 60 minutes) x $9.00 = $2,215,893.75.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

common fund as a benchmark award for attorney fees."); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Indeed, numerous courts have applied the 25% estimate in assessing the amount-in-controversy. *See Altamirano v. Shaw Indus., Inc.*, No. C-13-0939, 2013 WL 2950600, at *13 (N.D. Cal. June 14, 2013); *Giannini v. Northwestern Mutual Life Insurance Co.*, No. C-12-77 WW, 2012 WL 1535196, at *4 (N.D. Cal. April 30, 2012); *Jasso v. Money Mart Express, Inc.*, No. CV 13-09415, 2012 WL699465 (N.D. Cal. Mar. 1, 2012) ("it is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees"); *Barcia v. Contain-A-Way, Inc.*, No. 07-CV-938, 2009 WL 587844, at *5 (S.D. Cal., Mar. 6, 2009). Applying the Ninth Circuit's 25% benchmark here, and although Defendant denies that Plaintiff and the putative class are entitled to any relief, accepting Plaintiff's claims as true, attorneys' fees can be reasonably estimated to be **$4,813,881.34** (25% of $19,255,525.35 in damages). This would further increase the amount in controversy.

**5. Plaintiff's Injunctive Relief Claim Further Increases The Amount In Controversy.**

33. The Complaint also seeks injunctive relief to enjoin Defendant from committing the alleged California Labor Code violations about which Plaintiff complains. (Complaint ¶¶ 5, 26(b)(1), 42, 43, 50.) While Defendant has not yet quantified the costs of compliance with any such injunction, this would also increase the amount in controversy. *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2011), *cert granted in part*, 534 U.S. 1126, 123 S.Ct. 1063, 151 L.Ed.2d 966 (2002); *cert. dismissed*, 537 U.S. 1, 123 S.Ct. 584 (2002); *see also Pagel v. Dairy Farmers of Am., Inc.*, 986 F. Supp. 2d 1151, 1161 (C.D. Cal. 2013) (cost of complying with injunction may be aggregated for CAFA purposes). Accordingly, it is reasonable to assume that the amount-in-controversy in this case would even further exceed $5 million.

**6. In Sum, The Total Amount In Controversy Readily Exceeds $5 Million.**

34. Based on the foregoing analysis of Plaintiff's causes of action for minimum wage violations, wage statement violations and waiting time penalties, the amount in controversy for those claims alone totals over **$19,255,525** and satisfies the amount in controversy requirement under CAFA. Notably, this amount does not take into account Plaintiff's claim for attorneys' fees,

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.                                    10.                              NOTICE OF REMOVAL

which would further increase the amount in controversy. As fully analyzed above, Defendant has demonstrated that there is well over $5 million in controversy to establish jurisdiction under CAFA. Removal of this action is therefore proper as the aggregate value of Plaintiff's class claims for statutory damages, statutory penalties and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. *See* 28 U.S.C. § 1332(d)(2).

35.     In sum, the allegations in Plaintiff's Complaint demonstrate that Plaintiff's Complaint places in controversy the following amounts:

| | |
|---|---|
| Wage Statement Penalties: | $7,346,550.00 |
| Waiting Time 203 Penalties: | $9,693,081.60 |
| Unpaid minimum wage | $2,215,893.75 |
| Injunctive Relief: | Not included |
| Sub-Total: | **$19,255,525.35** |
| Attorneys' Fees at 25%: | $4,813,881.34 |
| GRAND TOTAL: | **$24,069,406.69** |

36.     Defendant provides the foregoing calculations only to demonstrate that the amount in controversy in this case easily exceeds the amount in controversy requirement of the CAFA. Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor does it endorse or concede that the proffered methodology for such calculations passes muster.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

Dated: August 11, 2017

/s/ *Alexis Sohrakoff*
DAVID J. DOW
ALEXIS A. SOHRAKOFF
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST STUDENT MANAGEMENT, LLC

Firmwide:149335179.2 070991.1148

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.                                    11.                    NOTICE OF REMOVAL

# Exhibit A

 **CT Corporation**

TO: Joshua Welker
FirstGroup America, Inc.
600 Vine St Ste 1400
Cincinnati, OH 45202-2426

RE: **Process Served in California**

FOR: FIRST STUDENT MANAGEMENT, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bhanu Vikram, an individual, on behalf of himself and on behalf of all persons similarly situated, Pltf. vs. First Student Management, LLC, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet, Instructions, Notice, Attachment(s), Stipulation, Statement |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA Case # CGC17559963 |
| **NATURE OF ACTION:** | Employee Litigation - Unpaid Wages - $75,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/13/2017 at 10:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Norman B. Bhumenthal Bhumenthal, Nordrehaug & Bhowmik, LLP 2255 Calle Clara La Jolla, CA 92037 858-551-1223 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/14/2017, Expected Purge Date: 07/19/2017 |
| | Image SOP |
| | Email Notification, Joshua Welker joshua.welker@firstgroup.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

7-13-17
10:30

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIRST STUDENT MANAGEMENT, LLC, a Limited Liability
Company; and Does 1 through 50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BHANU VIKRAM, an individual, on behalf of himself, and on behalf of
all persons similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
Central
400 McAllister St., San Francisco, CA 94102-4514

CASE NUMBER: (Número del Caso): **17-559963**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal      (Bar # 68687)
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara, La Jolla, CA 92037

Fax No.: (858) 551-1232
Phone No.: (858) 551-1223

DATE: **JUL 06 2017**      CLERK OF THE COURT, by DE LA VEGA-NAVARRO, Rossalyn, Deputy
*(Fecha)*      *(Secretario)*      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FIRST STUDENT MANAGEMENT, LLC

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 7-13-17

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

Page 1 of 1

BLUMENTHAL, NORDREHAUG & BHOWMIK LLP
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiffs

ENDORSED
FILED
Superior Court of California
County of San Francisco

JUL 06 2017

CLERK OF THE COURT
BY: ROSSALY DELAVEGA
                    Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BHANU VIKRAM, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST STUDENT MANAGEMENT, LLC, a Limited Liability Company; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No. **CGC 17-559963**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, et seq.;<br><br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br><br>3. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203.<br><br>**DEMAND FOR A JURY TRIAL** |

1

Plaintiff Bhanu Vikram ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

THE PARTIES

1. Defendant First Student Management, LLC ("DEFENDANT") is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2. DEFENDANT is a school bus operator that provides student transportation services for schools and districts in the United States and Canada. DEFENDANT offers contracted services, including fleet maintenance and educational programs to students and managed services that enable customers to continue to own their school bus fleet and facilities, and manage day-to-day operations, including routing, dispatch, scheduling, maintenance, and more.

3. PLAINTIFF was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and rest periods from January of 2016 to December of 2016. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

4. PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as bus drivers and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5. PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

2

CLASS ACTION COMPLAINT

1 | CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during
2 | the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice.
3 | DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and
4 | deceptive business practice whereby DEFENDANT retained and continues to retain wages due
5 | PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other
6 | members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by
7 | DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the
8 | CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and
9 | current unlawful conduct, and all other appropriate legal and equitable relief.

10 |      6.     The true names and capacities, whether individual, corporate, subsidiary,
11 | partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently
12 | unknown to PLAINTIFF who therefore sue these Defendants by such fictitious names pursuant
13 | to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege
14 | the true names and capacities of Does 1 through 50, inclusive, when they are ascertained.
15 | PLAINTIFF is informed and believes, and based upon that information and belief alleges, that
16 | the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are
17 | responsible in some manner for one or more of the events and happenings that proximately
18 | caused the injuries and damages hereinafter alleged.

19 |      7.     The agents, servants and/or employees of the Defendants and each of them acting
20 | on behalf of the Defendants acted within the course and scope of his, her or its authority as the
21 | agent, servant and/or employee of the Defendants, and personally participated in the conduct
22 | alleged herein on behalf of the Defendants with respect to the conduct alleged herein.
23 | Consequently, the acts of each Defendant are legally attributable to the other Defendants and
24 | all Defendants are jointly and severally liable to PLAINTIFF and the other members of the
25 | CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the
26 | Defendants' agents, servants and/or employees.

27
28

## THE CONDUCT

8.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their time worked. DEFENDANT systematically, unlawfully and unilaterally failed to accurately calculate minimum wages for all time worked by PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct compensation. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for working without minimum wage compensation for all time worked.

9.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control. Specifically, PLAINTIFF and the CALIFORNIA CLASS Members were instructed to appear at DEFENDANT's bus yard at a pre-designated time, typically 6:00a.m. for morning runs and 12:30 for afternoon runs. At the time PLAINTIFF and other CALIFORNIA CLASS Members arrived at the bus yard, these workers stand in line to receive their route assignment for the workday. After receiving their assignments (route sheets) and retrieving their keys from DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members walk to their assigned bus. Once in the bus, PLAINTIFF and other CALIFORNIA CLASS Members log into DEFENDANT's time keeping system called ZONAR with their employee badge or "wand." It is at this time that PLAINTIFF and other CALIFORNIA CLASS Members are "on the clock" and it is at this time these employees begin receiving compensation. It is mandatory that PLAINTIFF and other CALIFORNIA CLASS Members arrive at DEFENDANT's bus yard at the pre-designated times to secure their work assignment, conduct pre-trip inspections and retrieve the keys to the bus. PLAINTIFF estimates

1 that on average., the time between when he reports to work and the point in time he swipes into
2 DEFENDANT's timekeeping system, 5-10 minutes have elapsed. As a result, PLAINTIFF and
3 other CALIFORNIA CLASS Members forfeited time worked by regularly working without
4 their time being accurately recorded and without minimum wage compensation at the applicable
5 rate. DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other
6 CALIFORNIA CLASS Members for all time worked, including overtime worked, is evidenced
7 by DEFENDANT's business records.

8     10.   In addition to the off-the-clock work, federal law provides that employees must
9 be paid overtime at one-and-one-half times their "regular rate of pay." PLAINTIFF and other
10 CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that.
11 was tied to specific elements of an employee's performance.

12     11. · The second component of PLAINTIFF's and other CALIFORNIA CLASS
13 Members' compensation was DEFENDANT's non-discretionary incentive program that paid
14 PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their
15 performance for DEFENDANT. The non-discretionary incentive program provided all
16 employees paid on an hourly basis with incentive compensation when the employees met the
17 various performance goals set by DEFENDANT. However, when calculating the regular rate
18 of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members,
19 DEFENDANT failed to include the incentive compensation as part of the employees' "regular
20 rate of pay" for purposes of calculating overtime pay. Management and supervisors described
21 the incentive program to potential and new employees as part of the compensation package. As
22 a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA
23 CLASS Members must be included in the "regular rate of pay." The failure to do so has
24 resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other
25 CALIFORNIA CLASS Members by DEFENDANT.

26     12.   In violation of the applicable sections of the California Labor Code and the
27 requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as
28 .

1  a matter of company policy, practice and procedure, intentionally, knowingly and systematically
2  failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the
3  correct rate of pay for all federal overtime worked. This uniform policy and practice of
4  DEFENDANT was intended to purposefully avoid the payment of the correct federal overtime
5  compensation as required by the FLSA which allowed DEFENDANT to illegally profit and gain
6  an unfair advantage over competitors who complied with the law. To the extent equitable
7  tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the
8  CALIFORNIA CLASS PERIOD should be adjusted accordingly.

9       13.    As a result of their rigorous work schedules, PLAINTIFF and other
10  CALIFORNIA CLASS Members were also from time to time unable to take rest breaks.
11  During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS
12  Members were also required to work in excess of four (4) hours without being provided ten (10)
13  minute rest periods. Further, these employees were denied their first rest periods of at least ten
14  (10) minutes for every shift worked of at least two (2) to four (4) hours, a first and second rest
15  period of at least ten (10) minutes for every shift worked of between six (6) and eight (8) hours,
16  and a first, second and third rest period of at least ten (10) minutes for every shift worked of ten
17  (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members were also not
18  provided with one hour wages in lieu thereof. As a result of their rigorous work schedules,
19  PLAINTIFF and other CALIFORNIA CLASS Members were systemically denied their proper
20  rest periods by DEFENDANT and DEFENDANT's managers. Specifically, DEFENDANT's
21  dispatchers assigned PLAINTIFF and other CALIFORNIA CLASS Members routes and gave
22  directions for their assigned routes and the expected times of arrival. The time pressure to
23  arrive for their route on time was so severe, that there was little to no time for PLAINTIFF and
24  other CALIFORNIA CLASS Members to take timely, off-duty rest periods. DEFENDANT was
25  aware that PLAINTIFF and CALIFORNIA CLASS Members were regularly denied the
26  opportunity to take rest periods due to the burdensome workload and time constraints placed
27  upon them by DEFENDANT's assignments, but DEFENDANT nevertheless refused to
28

1  authorize premium pay for missed or interrupted rest periods.

2     14.   From time to time, DEFENDANT failed to provide PLAINTIFF and the other

3  members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage

4  statements which failed to show, among other things, the correct amount of gross wages earned,

5  the correct federal overtime rates for overtime worked, including, work performed in excess of

6  forty (40) hours in any workweek, and the correct penalty payments or missed rest periods. Cal.

7  Lab. Code § 226 provides that every employer shall furnish each of his or her employees with

8  an accurate itemized wage statement in writing showing, among other things, gross wages

9  earned and all applicable hourly rates in effect during the pay period and the corresponding

10 amount of time worked at each hourly rate.  Additionally, DEFENDANT failed to list the total

11 hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members each

12 pay period because of DEFENDANT's policy that required CALIFORNIA LABOR SUB-

13 CLASS Members to work off the clock as described herein.  Specifically, PLAINTIFF and

14 other CALIFORNIA LABOR SUB-CLASS Members have been injured by DEFENDANT's

15 intentional violation of California Labor Code Section 226(a) because they have been denied

16 both their legal right to receive, and their protected interest in receiving, accurate, itemized

17 wage statements. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have

18 been injured as a result of having to bring this action to attempt to obtain correct wage

19 information following DEFENDANT's refusal to comply with many of the mandates of the

20 California Labor Code. and related laws and regulations As a result, from time to time

21 DEFENDANT provides PLAINTIFF and the other members of the CALIFORNIA CLASS with

22 wage statements which violated Cal. Lab. Code § 226. Aside, from the violations listed above

23 in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that

24 lists all the requirements under California Labor Code 226 *et seq.*

25    15.   By reason of this uniform conduct applicable to PLAINTIFF and all

26 CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

27 violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

28

1  (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately
2  calculate and record the correct minimum wage compensation for time worked by PLAINTIFF
3  and other CALIFORNIA CLASS Members and also failed to provide off-duty rest periods. The
4  proper calculation of these employees' wages is the DEFENDANT's burden. As a result of
5  DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT
6  failed to properly calculate and/or pay all required minimum wage compensation for work
7  performed by the members of the CALIFORNIA CLASS and violated the California Labor
8  Code and regulations promulgated thereunder as herein alleged.

9      16.    Specifically as to PLAINTIFF, DEFENDANT required him to work off the clock
10  without paying him for all the time he was under DEFENDANT's control. As to PLAINTIFF's
11  pay, DEFENDANT provided compensation to him in the form of two components. One
12  component of PLAINTIFF's compensation was a base hourly wage. The second component of
13  PLAINTIFF's compensation was DEFENDANT's non-discretionary incentive program that
14  paid PLAINTIFF incentive wages based on her performance for DEFENDANT. PLAINTIFF
15  met DEFENDANT's predefined eligibility performance requirements in pay periods throughout
16  her employment with DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wage.
17  During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages
18  by DEFENDANT, PLAINTIFF also worked federal overtime for DEFENDANT, but
19  DEFENDANT never included the incentive compensation in PLAINTIFF's regular rate of pay
20  for the purposes of calculating what should have been PLAINTIFF's accurate federal overtime
21  rate and thereby underpaid PLAINTIFF for federal overtime worked throughout her
22  employment with DEFENDANT. The incentive compensation paid by DEFENDANT
23  constituted wages within the meaning of the Fair Labor Standards Act and thereby should have
24  been part of PLAINTIFF's regular rate of pay." PLAINTIFF was also required to work in
25  excess of four (4) hours without being provided ten (10) minute rest periods. Further,
26  PLAINTIFF was denied his first rest period of at least ten (10) minutes for every shift worked
27  of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for
28

1 every shift worked of between six (6) and eight (8) hours, and a first, second and third rest
2 period of at least ten (10) minutes for every shift worked of ten (10) hours or more.
3 PLAINTIFF was also not provided with one hour wages in lieu thereof. DEFENDANT also
4 provided PLAINTIFF with a pay stub that failed to accurately display PLAINTIFF's correct
5 amount of gross wages earned and all time worked, and correct rates of federal overtime pay
6 for certain pay periods in violation of Cal. Lab. Code § 226(a). To date, DEFENDANT has not
7 fully paid PLAINTIFF the wages still owed to him or any penalty wages owed to him under Cal.
8 Lab. Code § 203. The amount in controversy for PLAINTIFF individually does not exceed
9 the sum or value of $75,000.

10

11                          **JURISDICTION AND VENUE**

12     17.    This Court has jurisdiction over this Action pursuant to California Code of Civil
13 Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This
14 action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees
15 of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

16     18.    Venue is proper in this Court pursuant to California Code of Civil Procedure,
17 Sections 395 and 395.5, because DEFENDANT (i) currently maintains and at all relevant times
18 maintained offices and facilities in this County and/or conducts substantial business in this
19 County, and (ii) committed the wrongful conduct herein alleged in this County against members
20 of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

21

22                          **THE CALIFORNIA CLASS**

23     19.    PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive
24 Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class
25 Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as
26 all individuals who are or previously were employed by DEFENDANT in California as bus
27 drivers and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time
28

1 during the period beginning four (4) years prior to the filing of this Complaint and ending on
2 the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in
3 controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million
4 dollars ($5,000,000.00).

5    20.    To the extent equitable tolling operates to toll claims by the CALIFORNIA
6 CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted
7 accordingly.

8    21.    DEFENDANT, as a matter of company policy, practice and procedure, and in
9 violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
10 requirements, and the applicable provisions of California law, intentionally, knowingly, and
11 wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly
12 calculate and record minimum wage compensation for all time worked by PLAINTIFF and the
13 other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit
14 of this work, required employees to perform this work and permitted or suffered to permit this
15 federal overtime work.

16    22.    DEFENDANT has the legal burden to establish that each and every
17 CALIFORNIA CLASS Member was paid for all time worked. DEFENDANT, however, as a
18 matter of uniform and systematic policy and procedure failed to have in place during the
19 CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure
20 that each and every CALIFORNIA CLASS Member is paid for all time worked, so as to satisfy
21 their burden. This common business practice applicable to each and every CALIFORNIA
22 CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive
23 under Cal. Business & Professions Code §§ 17200, *et seq.* (the "UCL") as causation, damages,
24 and reliance are not elements of this claim.

25    23.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA
26 CLASS Members is impracticable.

27    24.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under
28

California law by:

    (a)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating §§ 1194, 1197 & 1197.1 by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all minimum wages due the CALIFORNIA CLASS for all time worked;

    (b)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct federal overtime wages to the PLAINTIFF and the members of the CALIFORNIA CLASS as legally required by the FLSA, and retaining the unpaid federal overtime to the benefit of DEFENDANT.;

    (c)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by failing to provide mandatory rest breaks to PLAINTIFF and the CALIFORNIA CLASS members.

25.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was a non-exempt employee paid on an hourly basis and paid an additional non-discretionary incentive wage who was subjected to the DEFENDANT's practice and policy which fails to pay the correct rate of federal overtime wages due to the CALIFORNIA CLASS for all federal overtime worked by the CALIFORNIA CLASS and thereby systematically underpaid federal overtime compensation to the CALIFORNIA CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

26. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will

12

create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct federal overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)     Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question

13

affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

   B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)      A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

27.      This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)      The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)      A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)      The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)      PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)      There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the

1          damages and injuries which DEFENDANT's actions have inflicted upon
2          the CALIFORNIA CLASS;

3      (f)     There is a community of interest in ensuring that the combined assets of
4          DEFENDANT are sufficient to adequately compensate the members of
5          the CALIFORNIA CLASS for the injuries sustained;

6      (g)    DEFENDANT has acted or refused to act on grounds generally applicable
7          to the CALIFORNIA CLASS, thereby making final class-wide relief
8          appropriate with respect to the CALIFORNIA CLASS as a whole;

9      (h)     The members of the CALIFORNIA CLASS are readily ascertainable from
10          the business records of DEFENDANT; and,

11      (i)      Class treatment provides manageable judicial treatment calculated to bring
12          a efficient and rapid conclusion to all litigation of all wage and hour
13          related claims arising out of the conduct of DEFENDANT as to the
14          members of the CALIFORNIA CLASS.

15     28.     DEFENDANT maintains records from which the Court can ascertain and identify
16 by job title each of DEFENDANT's employees who as have been systematically, intentionally
17 and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein
18 alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles
19 of similarly situated employees when they have been identified.

20

21                    **THE CALIFORNIA LABOR SUB-CLASS**

22     29.     PLAINTIFF further brings the Second, Third and Fourth Causes of Action on
23 behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified
24 as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the
25 period three (3) years prior to the filing of the complaint and ending on the date as determined
26 by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of
27 Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR

28

1 | SUB-CLASS Members is under five million dollars ($5,000,000.00).

2 | 30. DEFENDANT, as a matter of company policy, practice and procedure, and in
3 | violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order
4 | requirements, and the applicable provisions of California law, intentionally, knowingly, and
5 | wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum
6 | wage compensation for the time worked by PLAINTIFF and the other members of the
7 | CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this
8 | work, required employees to perform this work and permitted or suffered to permit this work.
9 | DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members
10 | wages at the correct amount to which these employees were entitled in order to unfairly cheat
11 | the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by
12 | the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR
13 | SUB-CLASS PERIOD should be adjusted accordingly.

14 | 31. DEFENDANT maintains records from which the Court can ascertain and identify
15 | by name and job title, each of DEFENDANT's employees who have been systematically,
16 | intentionally and uniformly subjected to DEFENDANT's company policy, practices and
17 | procedures as herein alleged. PLAINTIFF will seek leave to amend the complaint to include
18 | any additional job titles of similarly situated employees when they have been identified.

19 | 32. The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all
20 | CALIFORNIA LABOR SUB-CLASS Members is impracticable.

21 | 33. Common questions of law and fact exist as to members of the CALIFORNIA
22 | LABOR SUB-CLASS, including, but not limited, to the following:

23 |     (a) Whether DEFENDANT unlawfully failed to correctly calculate and pay
24 |     minimum wage compensation to members of the CALIFORNIA LABOR
25 |     SUB-CLASS in violation of the California Labor Code and California
26 |     regulations and the applicable California Wage Order;

27 |     (b) Whether DEFENDANT failed to provide PLAINTIFF and the other

28 |

1   members of the CALIFORNIA LABOR SUB-CLASS with accurate
2   itemized wage statements;

3   (c)   Whether DEFENDANT has engaged in unfair competition by the
4         above-listed conduct;

5   (d)   The proper measure of damages and penalties owed to the members of the
6         CALIFORNIA LABOR SUB-CLASS; and,

7   (e)   Whether DEFENDANT's conduct was willful.

8   34.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS
9   under California law by:

10  (a)   Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording all
11        time worked and thereby failing to pay PLAINTIFF and the members of
12        the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay
13        for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

14  (b)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the
15        members of the CALIFORNIA LABOR SUB-CLASS with an accurate
16        itemized statement in writing showing all accurate and applicable federal
17        overtime rates in effect during the pay period and the corresponding
18        amount of time worked at each federal overtime rate by the employee;

19  (c)   Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that
20        when an employee is discharged or quits from employment, the employer
21        must pay the employee all wages due without abatement, by failing to
22        tender full payment and/or restitution of wages owed or in the manner
23        required by California law to the members of the CALIFORNIA LABOR
24        SUB-CLASS who have terminated their employment.

25  35.   This Class Action meets the statutory prerequisites for the maintenance of a Class
26  Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

27  (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

28

so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c) The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

36. In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a) Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR

SUB-CLASS will create the risk of:

1) Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2) Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b) The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due;

(c) Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA

LABOR SUB-CLASS Members when compared to the substantial
expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative
litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to
individual members of the CALIFORNIA LABOR SUB-
CLASS, which would establish incompatible standards of
conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the
CALIFORNIA LABOR SUB-CLASS would as a practical
matter be dispositive of the interests of the other members
not parties to the adjudication or substantially impair or
impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of
individual CALIFORNIA LABOR SUB-CLASS Members will
avoid asserting their legal rights out of fear of retaliation by
DEFENDANT, which may adversely affect an individual's job
with DEFENDANT or with a subsequent employer, the Class
Action is the only means to assert their claims through a
representative; and,

4) A class action is superior to other available methods for the fair
and efficient adjudication of this litigation because class treatment
will obviate the need for unduly and unnecessary duplicative
litigation that is likely to result in the absence of certification of
this action pursuant to Cal. Code of Civ. Proc. § 382.

37. This Court should permit this action to be maintained as a Class Action pursuant
to Cal. Code of Civ. Proc. § 382 because:

(a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h) The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i) Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

## **FIRST CAUSE OF ACTION**

### **For Unlawful Business Practices**

### **[Cal. Bus. And Prof. Code §§ 17200, *et seq.*]**

### **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

38. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

39. DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

40. California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

41. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violated California law, including but not limited to, the

1  applicable Wage Order(s), the California Code of Regulations and the California Labor Code
2  including Sections 204, 226.7, 512, 558, 1194, 1197, 1197.1 & 1198, and the Fair Labor
3  Standards Act and federal regulations promulgated thereunder, for which this Court should
4  issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may
5  be necessary to prevent and remedy the conduct held to constitute unfair competition, including
6  restitution of wages wrongfully withheld.

7  42. By the conduct alleged herein, DEFENDANT's practices were unlawful and
8  unfair in that these practices violated public policy, were immoral, unethical, oppressive,
9  unscrupulous or substantially injurious to employees, and were without valid justification or
10  utility for which this Court should issue equitable and injunctive relief pursuant to Section
11  17203 of the California Business & Professions Code, including restitution of wages wrongfully
12  withheld.

13  43. By the conduct alleged herein, DEFENDANT's practices were deceptive and
14  fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and
15  other members of the CALIFORNIA CLASS, Fair Labor Standards Act wages due for overtime
16  worked as a result of failing to include the incentive compensation into their regular rates for
17  purposing of computing federal overtime pay, failed to accurately record the applicable rate of
18  all federal overtime worked, and failed to provide off-duty rest periods, pursuant to the
19  applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal.
20  Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable
21  relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully
22  withheld.

23  44. By the conduct alleged herein, DEFENDANT's practices were also unlawful,
24  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the
25  other members of the CALIFORNIA CLASS to be underpaid during their employment with
26  DEFENDANT.

27  45. By the conduct alleged herein, DEFENDANT's practices were also unfair and

28

1   deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide
2   mandatory rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as required by
3   Cal. Lab. Code §§ 226.7 and 512.

4       46.   PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA
5   CLASS member, one (1) hour of pay for each workday in which a rest period was not timely
6   provided as required by law.

7       47.   By and through the unlawful and unfair business practices described herein,
8   DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the
9   other members of the CALIFORNIA CLASS, including earned wages for all federal overtime
10   worked, and has deprived them of valuable rights and benefits guaranteed by law and contract,
11   all to the detriment of these employees and to the benefit of DEFENDANT so as to allow
12   DEFENDANT to unfairly compete against competitors who comply with the law.

13       48.   All the acts described herein as violations of, among other things, the Industrial
14   Welfare Commission Wage Orders, the California Code of Regulations, and the California
15   Labor Code, were unlawful and in violation of public policy, were immoral, unethical,
16   oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and
17   deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

18       49.   PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,
19   and do, seek such relief as may be necessary to restore to them the money and property which
20   DEFENDANT has acquired, or of which PLAINTIFF and the other members of the
21   CALIFORNIA CLASS have been deprived, by means of the above described unlawful and
22   unfair business practices, including earned but unpaid wages for all federal overtime worked.

23       50.   PLAINTIFF and the other members of the CALIFORNIA CLASS are further
24   entitled to, and do, seek a declaration that the described business practices are unlawful, unfair
25   and deceptive, and that injunctive relief should be issued restraining DEFENDANT from
26   engaging in any unlawful and unfair business practices in the future.

27       51.   PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,
28

1  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices
2  of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated.
3  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the
4  other members of the CALIFORNIA CLASS have suffered and will continue to suffer
5  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to
6  engage in these unlawful and unfair business practices.

7

8                            **SECOND CAUSE OF ACTION**
9                          **For Failure To Pay Minimum Wages**
10                         **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**
11                     **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**
12                            **and Against All Defendants)**

13      52.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-
14  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior
15  paragraphs of this Complaint.

16      53.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
17  bring a claim for DEFENDANT's willful and intentional violations of the California Labor
18  Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to
19  accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS
20  Members.

21      54.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and
22  public policy, an employer must timely pay its employees for all hours worked.

23      55.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the
24  commission is the minimum wage to be paid to employees, and the payment of a less wage than
25  the minimum so fixed in unlawful.

26      56.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
27  including minimum wage compensation and interest thereon, together with the costs of suit.

28

57. DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including off the clock time tasks that the CALIFORNIA CLASS Members engaged in for DEFENDANT. As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

58. DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

59. In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

60. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

61. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

62. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

1  injury in amounts which are presently unknown to them and which will be ascertained
2  according to proof at trial.

3      63.    DEFENDANT knew or should have known that PLAINTIFF and the other
4  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time
5  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross
6  nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members
7  for their labor as a matter of uniform company policy, practice and procedure, and
8  DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other
9  members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their
10  time worked.

11      64.    In performing the acts and practices herein alleged in violation of California labor
12  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
13  all time worked and provide them with the requisite compensation, DEFENDANT acted and
14  continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other
15  members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard
16  for their legal rights, or the consequences to them, and with the despicable intent of depriving
17  them of their property and legal rights, and otherwise causing them injury in order to increase
18  company profits at the expense of these employees.

19      65.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS
20  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as
21  well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided
22  by the California Labor Code and/or other applicable statutes.  To the extent minimum wage
23  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members
24  who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§
25  201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties
26  under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
27  CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein
28

1  was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA

2  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

3  ### THIRD CAUSE OF ACTION

4  #### For Failure to Provide Accurate Itemized Statements

5  #### [Cal. Lab. Code § 226]

6  #### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All

7  #### Defendants)

8  66.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

9  reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

10  of this Complaint.

11  67.    Cal. Labor Code § 226 provides that an employer must furnish employees with

12  an "accurate itemized" statement in writing showing:

13      (1) gross wages earned,

14      (2) total hours worked by the employee, except for any employee whose compensation

15      is solely based on a salary and who is exempt from payment of overtime under

16      subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

17      Commission,

18      (3) the number of piecerate units earned and any applicable piece rate if the employee

19      is paid on a piece-rate basis,

20      (4) all deductions, provided that all deductions made on written orders of the employee

21      may be aggregated and shown as one item,

22      (5) net wages earned,

23      (6) the inclusive dates of the period for which the employee is paid,

24      (7) the name of the employee and his or her social security number, except that by

25      January 1, 2008, only the last four digits of his or her social security number or an

26      employee identification number other than a social security number may be shown on

27      the itemized statement,

28

1    (8) the name and address of the legal entity that is the employer, and

2    (9) all applicable hourly rates in effect during the pay period and the corresponding

3    number of hours worked at each hourly rate by the employee.

4    68.    From time to time, DEFENDANT failed to provide PLAINTIFF and the other

5    members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage

6    statements which failed to show, among other things, the correct amount of gross wages earned,

7    the correct federal overtime rate for federal overtime worked, including, work performed in

8    excess of forty (40) hours in any workweek, and the correct penalty payments or missed rest

9    periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

10   employees with an accurate itemized wage statement in writing showing, among other things,

11   gross wages earned and all applicable hourly rates in effect during the pay period and the

12   corresponding amount of time worked at each hourly rate. Additionally, DEFENDANT failed

13   to list the total hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

14   Members each pay period because of DEFENDANT's policy that required CALIFORNIA

15   LABOR SUB-CLASS Members to work off the clock as described herein. Specifically,

16   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have been injured by

17   DEFENDANT's intentional violation of California Labor Code Section 226(a) because they

18   have been denied both their legal right to receive, and their protected interest in receiving,

19   accurate, itemized wage statements. PLAINTIFF and other CALIFORNIA LABOR SUB-

20   CLASS Members have been injured as a result of having to bring this action to attempt to

21   obtain correct wage information following DEFENDANT's refusal to comply with many of the

22   mandates of the California Labor Code and related laws and regulations As a result, from time

23   to time DEFENDANT provides PLAINTIFF and the other members of the CALIFORNIA

24   CLASS with wage statements which violated Cal. Lab. Code § 226. Aside, from the violations

25   listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage

26   statement that lists all the requirements under California Labor Code 226 *et seq*.

27   69.    DEFENDANT knowingly and intentionally fails to comply with Cal. Lab. Code

28

§ 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the federal overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## FOURTH CAUSE OF ACTION

### For Failure to Pay Wages When Due

### [ Cal. Lab. Code §§ 201, 202, 203]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

70.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

71.     Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

72.     Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

31

73. Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

74. There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

75. Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

76. The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of federal overtime wages and minimum wages due to these employees as required by law.

77. Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who are owed wages, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1. On behalf of the CALIFORNIA CLASS:

A) That the Court certify the First Cause of Action asserted by the CALIFORNIA

32

| 1 | | CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382; |
| 2 | B) | An order temporarily, preliminarily and permanently enjoining and restraining |
| 3 | | DEFENDANT from engaging in similar unlawful conduct as set forth herein; |
| 4 | C) | An order requiring DEFENDANT to pay all wages and all sums unlawfuly |
| 5 | | withheld from compensation due to PLAINTIFF and the other members of the |
| 6 | | CALIFORNIA CLASS; and, |
| 7 | D) | Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid |
| 8 | | fund for restitution of the sums incidental to DEFENDANT's violations due to |
| 9 | | PLAINTIFF and to the other members of the CALIFORNIA CLASS. |
| 10 | 2. | On behalf of the CALIFORNIA LABOR SUB-CLASS: |
| 11 | A) | That the Court certify the Second, Third and Fourth Causes of Action asserted |
| 12 | | by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Cal. |
| 13 | | Code of Civ. Proc. § 382; |
| 14 | B) | Compensatory damages, according to proof at trial, including compensatory |
| 15 | | damages for FLSA overtime compensation and minimum wage compensation |
| 16 | | due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB- |
| 17 | | CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD |
| 18 | | plus interest thereon at the statutory rate; |
| 19 | C) | The greater of all actual damages or fifty dollars ($50) for the initial pay |
| 20 | | period in which a violation occurs and one hundred dollars ($100) per each |
| 21 | | member of the CALIFORNIA LABOR SUB-CLASS for each violation in a |
| 22 | | subsequent pay period, not exceeding an aggregate penalty of four thousand |
| 23 | | dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226; |
| 24 | | and, |
| 25 | D) | The wages of all terminated employees in the CALIFORNIA LABOR |
| 26 | | SUB-CLASS as a penalty from the due date thereof at the same rate until paid |
| 27 | | or until an action therefore is commenced, in accordance with Cal. Lab. Code |
| 28 | | |

1    § 203.

2    3.    On all claims:

3          A)    An award of interest, including prejudgment interest at the legal rate;

4          B)    Such other and further relief as the Court deems just and equitable; and,

5          C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

6                law, including, but not limited to, pursuant to Labor Code §218.5, §226,

7                §1194 and/or §1197.

8    Dated: July 5, 2017              BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

9

10

11                                   By: _____
                                         Norman B. Blumenthal
12                                       Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    ## DEMAND FOR A JURY TRIAL

2         PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated:   July 5, 2017              BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

5

6                                      By:
7                                          Norman B. Blumenthal
                                          Attorneys for Plaintiff
8

9

10

11

12

13

14

15   Z:\D\Dropbox (NBB)\Pending Litigation\First Student - Vikram\p-Complaint-Draft-Final.wpd

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Norman B. Blumenthal    (Bar # 68687)<br>Kyle Nordrehaug   (Bar # 205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO.: (858) 551-1223        FAX NO.: (858) 551-1232<br>ATTORNEY FOR (Name): Plaintiff Bhanu Vikram | ENDORSED<br>F I L E D<br>Superior Court of California<br>County of San Francisco<br>JUL 06 2017<br>CLERK OF THE COURT<br>ROSSALY DELAVEGA<br>BY: _____ Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco 94102-4514
BRANCH NAME: Central

CASE NAME:
VIKRAM v. FIRST STUDENT MANAGEMENT

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | DEPT: | CGC-17-559963 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42).

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [X] is [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[X] monetary  b.[X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): FOUR (4)
5. This case [X] is [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: July 5, 2017

Norman B. Blumenthal
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

FILE BY FAX

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    . complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** DEC-06-2017

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco

## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3869

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management. Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) JUDICIAL MEDIATION** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at anytime throughout the litigation process.

**Operation:** Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge for the Judicial Mediation program.

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may elect any private mediator of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF.



# Superior Court of California
## County of San Francisco



HON. JOHN K. STEWART
PRESIDING JUDGE

# Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR ADMINISTRATOR

The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to personal injury, professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial Mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable Michael I. Begert
The Honorable Suzanne R. Bolanos
The Honorable Angela Bradstreet
The Honorable Andrew Y.S. Cheng
The Honorable Samuel K. Feng
The Honorable Charles F. Haines

The Honorable Harold E. Kahn
The Honorable Curtis E.A. Karnow
The Honorable Charlene P. Kiesselbach
The Honorable James Robertson, II
The Honorable Richard B. Ulmer, Jr.
The Honorable Mary E. Wiss

Parties interested in Judicial Mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program and deliver a courtesy copy to Department 610. A preference for a specific judge may be indicated on the request, and although not guaranteed, every effort will be made to fulfill the parties' choice. Please allow at least 30 days from the filing of the form to receive the notice of assignment. The court's Alternative Dispute Resolution Administrator will facilitate assignment of cases that qualify for the program.

Note: Space and availability is limited. Submission of a stipulation to Judicial Mediation does *not* guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3869

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br><br>DEPARTMENT 610 |

**1)** The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days    ☐ 90-120 days    ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

**2)** The parties agree that the ADR Process shall be completed by (date): _____

**3)** Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____    _____
Name of Party Stipulating            Name of Party Stipulating

_____    _____
Name of Party or Attorney Executing Stipulation    Name of Party or Attorney Executing Stipulation

_____    _____
Signature of Party or Attorney       Signature of Party or Attorney

☐ Plaintiff ☐ Defendant ☐ Cross-defendant    ☐ Plaintiff ☐ Defendant ☐ Cross-defendant

Dated: _____            Dated: _____

☐ *Additional signature(s) attached*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:       FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT <br> *(Check one):* ☐ **UNLIMITED CASE** <br> (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** <br> (Amount demanded is $25,000 or less) | CASE NUMBER: |
|---|---|

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:      Time:      Dept.:      Div.:      Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(Describe, including causes of action)*:

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courts.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:                              f. Fax number:
e. E-mail address:                                 g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation (if available).**

(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

| PLAINTIFF/PETITIONER: | | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):* .

Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:

   ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

_____     ▶ _____
(TYPE OR PRINT NAME)                        (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



# Superior Court of California
# County of San Francisco

**Expedited Jury Trial Information Sheet**

### What is an expedited jury trial?

An expedited jury trial is a trial that is much faster and has a smaller jury than a traditional jury trial. An expedited jury trial differs from a regular jury trial in several ways:

- **The trial will be shorter.** Each side has 3 hours to make opening statements, present witnesses and evidence, and make closing statements.

- **The jury will be smaller.** There will be 8 jurors instead of 12.

- **Choosing the jury will be faster.** The parties will exercise fewer preemptory challenges.

- **Parties will waive some post trial motions and rights to appeal.** Appeals are allowed only if there is: (1) Misconduct of the judicial officer that materially affected substantial rights of a party; (2) Jury misconduct; or (3) Corruption or fraud or some other bad act that prevented a fair trial.

  In addition, parties may not ask the judge to set the jury verdict aside, except on those same grounds.

### Does the jury have to reach a unanimous decision?

No. Just as in a traditional civil jury trial, only three-quarters of the jury must agree in order to reach a decision in an expedited jury trial. With 8 people on the jury, that means that at least 6 of the jurors must agree on the verdict in an expedited jury trial.

### Is the decision of the jury binding on the parties?

Generally, yes. A verdict from a jury in an expedited jury trial is like a verdict in a traditional jury trial. However, parties who take part in expedited jury trials are allowed to make an agreement before the trial that guarantees that the defendant will pay a certain amount to the plaintiff even if the jury decides on a lower payment or no payment. That agreement may also impose a cap, or maximum, on the highest amount that a defendant has to pay, even if the jury decides on a higher amount. These agreements are commonly known as "high/low agreements."

### How do I qualify for an expedited jury trial?

The process can be used in any civil case. To have an expedited jury trial, both sides must want one. Each side must agree that it will use only three hours to put on its case and agree to the other rules described above. This agreement must be put in writing in a Stipulation and submitted along with a Proposed Consent Order Granting an Expedited Jury Trial, which is given to the court for approval. The court will usually agree to the Consent Order.

### How do I request an expedited jury trial?

To have an expedited jury trial, both sides must submit a Stipulation and Proposed Consent Order for Expedited Jury Trial to the court for approval. This may happen at three stages of litigation:

**1) At Filing and Prior to Setting of a Trial Date:** Parties may submit a Stipulation to Expedited Jury Trial to Dept. 610 using the attached short form (see below). Parties must

also submit a Proposed Consent Order for Expedited Jury Trial to Dept. 610.

2) **After a Trial Date has been Set:** Parties submit a Stipulation and Proposed Consent Order for Expedited Jury Trial directly to Dept. 206 at least *30 days* prior to the assigned trial date.

3) **After Trial Assignment:** A Proposed Consent Order for Expedited Jury Trial may be submitted immediately to the assigned trial department not less than *30 days* prior to the assigned trial date.

Also, after a case is assigned to a particular judge for trial, the parties may ask the trial judge to have an Expedited Jury Trial, and the judge may permit the parties to then sign the appropriate Stipulation and Proposed Consent Order for Expedited Jury Trial.

**Can I change my mind after agreeing to an expedited jury trial?**

No, unless the other side or the court agrees. Once you and the other side have agreed to take part in an expedited jury trial the agreement is binding on both sides.

------------------------------------------------

### Expedited Jury Trial Request
*Please submit a copy of this request to Dept. 610.*

Case No. _____

Case Name: _____    v.    _____

The parties would like this action to be submitted to an Expedited Jury Trial.

The parties shall submit a consent order to the Court on or by _____.

| Name of Party | Name of Party/Attorney | Signature of Party |
|---|---|---|
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |
| Name of Party | Name of Party/Attorney | Signature of Party |
| | | Dated: _____ |

Please note: a [Proposed] Consent Order for Expedited Jury Trial is still required in addition to this stipulation form.

---

You can find the law and rules governing expedited jury trials in Code of Civil Procedure sections 630.01–630.12 and in rules 3.1545–3.1552 of the California Rules of Court. You can find these at any county law library or online. The statutes are online at *www.leginfo.ca.gov/calaw.html.* The rules are at *www.courts.ca.gov/rules.*

*Information adapted from Judicial Council's Expedited Jury Trial Information Sheet EJT-010-INFO, New January 1, 2011*

# Exhibit B

1   DAVID J. DOW, Bar No. 179407
    ddow@littler.com
2   LITTLER MENDELSON, P.C.
    501 W. Broadway
3   Suite 900
    San Diego, CA 92101.3577
4   Telephone:   619.232.0441
    Fax No.:     619.232.4302
5

6   ALEXIS A. SOHRAKOFF, Bar No. 273410
    asokrakoff@littler.com
7   LITTLER MENDELSON, P.C.
    333 Bush Street
8   34th Floor
    San Francisco, CA 94104
9   Telephone:   415.433.1940
    Fax No.:     415.399.8490
10

11  Attorneys for Defendant
    FIRST STUDENT MANAGEMENT, LLC

12                    SUPERIOR COURT OF CALIFORNIA

13                       COUNTY OF SAN FRANCISCO

14
    BHANU VIKRAM, an individual, on          Case No.  CGC-17-559963
15  behalf of himself, and on behalf of all
    persons similarly situated,
16
             Plaintiff,                      **DEFENDANT FIRST STUDENT
17                                           MANAGEMENT, LLC'S ANSWER TO
       v.                                    CLASS ACTION COMPLAINT**
18
    FIRST STUDENT MANAGEMENT,
19  LLC, a Limited Liability Company, and
    DOES 1 through 50, Inclusive,
20                                           Complaint Filed:  July 6, 2017
             Defendant.
21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

08/11/2017
Clerk of the Court
BY:DAVID YUEN
Deputy Clerk

Defendant FIRST STUDENT MANAGEMENT, LLC ("Defendant") answers the unverified Class Action Complaint ("Complaint") filed by Plaintiff BHANU VIKRAM ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendant denies generally and specifically, conjunctively and disjunctively, each and every allegation of the Complaint, and denies Plaintiff and the class he seeks to represent have sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendant.

## AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses to the Complaint and each claim therein. By asserting the defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant does not presently know all of the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are preempted in whole or in part by federal law, including, but not limited to, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members have failed, refused and/or neglected to mitigate or avoid their damages, if any.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege special damages with requisite specificity.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's and the putative class members' claims are barred by their own breach of duties owed to Defendant under California Labor Code sections 2853, 2854, 2856, 2857, 2858 and 2859.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff and/or any putative class member "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work," and such "work" was undertaken without the consent or permission of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that any time either Plaintiff or any putative class member spent on work-related activities for which compensation was otherwise due but was not paid was *de minimus* such that no compensation is owed.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 338(a), 340(a) and (b), California Business and Professions Code section 17208, California Labor Code section 203, and any other application statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco CA 94104
415 433 1940

3.

Case No. CGC-17-559963

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

1   each purported cause of action alleged therein, should be abated in the Court's discretion, and
2   Plaintiff and the putative class should be required to pursue their administrative remedies with the
3   California Division of Labor Standards Enforcement, which has primary jurisdiction over their
4   claims.

### ELEVENTH AFFIRMATIVE DEFENSE

6           As a separate and distinct affirmative defense, Defendant alleges that the alleged
7   injuries to Plaintiff and the putative class members were not proximately caused by any unlawful
8   policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

10          As a separate and distinct affirmative defense, Defendant alleges that any unlawful or
11  other wrongful acts of any person(s) employed by Defendant were outside of the scope of his or her
12  authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did
13  Defendant know or have reason to be aware of such alleged conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

15          As a separate and distinct affirmative defense, Defendant alleges that any loss or
16  damage sustained by Plaintiff and the putative class members were caused by the acts or omissions
17  of Plaintiff and the putative class, or persons other than Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

19          As a separate and distinct affirmative defense, Defendant alleges that the Complaint,
20  and each purported claim contained therein, is barred to the extent Plaintiff and the putative class
21  members, by their acts, conduct and omissions, expressly or impliedly waived whatever rights they
22  may have had against Defendant or misled Defendant regarding hours worked.

### FIFTEENTH AFFIRMATIVE DEFENSE

24          As a separate and distinct affirmative defense, Defendant alleges that the Complaint
25  and each and every cause of action alleged therein is barred, or alternatively should be stayed or
26  abated by the Court, in whole in or part, as it is duplicative of pending, substantially identical and
27  earlier-filed state court actions.

28

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

4.

Case No. CGC-17-559963

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

## SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims alleged by Plaintiff are barred because, without admitting that Defendant owed any duties or obligations to Plaintiff and the putative class members, such duties or obligations have been fully performed, satisfied or discharged.

## EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code section 226.

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or any of the alleged putative class members sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a) or from any other alleged violation of the California Labor Code.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No. CGC-17-559963

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, arguendo, that Plaintiff and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members to justify any awards of penalties or fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims for penalties, including, but not limited to penalties predicated on Labor Code sections 201, 202 and 203, are barred because (1) there are bona fide disputes as to whether Defendant failed to timely pay all wages due, and (2) Defendant has not willfully failed to pay such compensation, if any is owed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff's claims under Labor Code sections 201 through 203 cannot be maintained against Defendant to the extent Plaintiff and/or any of the alleged putative class members secreted or absented themselves to avoid payment of wages, thereby relieving Defendant of liability for penalties predicated on Labor Code sections 203.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff and/or any other alleged putative class members did not take rest breaks, it was the result of their disregard of Defendant's instructions that they were authorized and permitted to take rest breaks.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff and the putative class failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them, including under any applicable collective bargaining agreement, prior to commencing this action.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that its business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code section 17200, *et seq.*

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to the cause of action therein for alleged violation of California Business and Professions Code sections 17200 *et seq.*, Plaintiff's claims (and those of the putative class) are barred because California Business and Professions Code sections 17200 *et seq.* are unconstitutionally vague and overbroad and the manner in which Plaintiff alleges that said statutes apply to Defendant's business practices constitutes a violation of Defendant's rights to substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class are barred from obtaining relief pursuant to their causes of action for violation of California Business and Professions Code section 17200, *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's and the putative class members' claims predicated on California Business and Professions Code section 17200, *et seq.*, are barred because Plaintiff and/or the alleged putative class members have an adequate remedy at law.

## THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful" or "deceptive" within the meaning of California Business and Professions Code section 17200, *et seq.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

Case No. CGC-17-559963

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, class treatment.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the adjudication of the claims of the putative class through generalized class wide proof violates Defendant's due process rights and right to trial by jury guaranteed by the United States and California Constitutions.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the prayer for restitution and declaratory relief is barred with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq.* that have discontinued, ceased, and are not likely to recur.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges on information and belief that the Complaint is or may be barred and/or relief is or may be limited due to after-acquired evidence.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that it is entitled to an offset against any relief due Plaintiff and/or the putative class members based upon their respective wrongful conduct and/or monies owed to Defendant, including, but not limited to, any overpayments made to Plaintiff and any contractual damages and/or indemnity owed by Plaintiff as the result of his failure to perform his contractual obligations or overpayment for hours worked.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff and the putative class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

## FORTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred, in whole in or part, under the doctrines of *res judicata* and/or collateral estoppel based on the settlement, waiver, release and judgments entered in *Tyrer v. First Student, Inc.*, Los Angeles Superior Court Case No. BC459305.

## FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1.      The Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of his Complaint;

2.      Judgment be entered against Plaintiff and in favor of Defendant;

3.      Defendant be awarded its costs of suit and reasonable attorneys' fees incurred

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

9.

Case No. CGC-17-559963

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

herein; and

4.      The Court award Defendant such other and further relief as it deems appropriate.

Dated: August 10, 2017                    Respectfully submitted,

DAVID J. DOW
ALEXIS A. SOHRAKOFF
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST STUDENT MANAGEMENT, LLC

Firmwide:149332778.2 070991.1148

DEFENDANT'S ANSWER TO CLASS ACTION COMPLAINT

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

**PROOF OF SERVICE BY MAIL**

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 333 Bush Street, 34th Floor, San Francisco, California 94104. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On August 11, 2017, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document(s):

**DEFENDANT FIRST STUDENT MANAGEMENT, LLC'S
ANSWER TO CLASS ACTION COMPLAINT**

in a sealed envelope, postage fully paid, addressed as follows:

Norman B. Blumenthal                    *Attorneys for Plaintiff*
Kyle R. Nordrehaug                       *Bhanu Vikram*
Aparajit Bhowmik
Blumenthal, Nordrehaug & Bhowmik, LLP
2255 Calle Clara
La Jolla, CA 92037

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on August 11, 2017, at San Francisco, California.

_____
BARBARA PALOMO

Firmwide:149392066.1 070991.1148

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

CASE NO. CGC-17-559963                    1.                    PROOF OF SERVICE

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 333 Bush Street, 34th Floor, San Francisco, California 94104. On August 11, 2017, I deposited with FedEx, a true and correct copy of the within documents:

**CIVIL CASE COVER SHEET;**

**DEFENDANT FIRST STUDENT, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT;**

**DEFENDANT FIRST STUDENT MANAGEMENT, LLC'S CORPORATE DISCLOSURE STATEMENT AND CERTIFICATION OF INTERESTED PARTIES**

in a sealed envelope, addressed as follows:

Norman B. Blumenthal                    *Attorneys for Plaintiff*
Kyle R. Nordrehaug                       *Bhanu Vikram*
Aparajit Bhowmik
Blumenthal, Nordrehaug & Bhowmik, LLP
2255 Calle Clara
La Jolla, CA 92037

Following ordinary business practices, the envelope was sealed and placed for collection by FedEx on this date, and would, in the ordinary course of business, be retrieved by FedEx for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on August 11, 2017, at San Francisco, California.

_____
BARBARA PALOMO

Firmwide:149421902.1 070991.1148

Case No.                                                          PROOF OF SERVICE