1

**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**

2
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)

3
2255 Calle Clara
La Jolla, CA 92037

4
Telephone: (858)551-1223
Facsimile: (858) 551-1232

5
Website: www.bamlawca.com

6
Attorneys for Plaintiff

7

8
**UNITED STATES DISTRICT COURT**

9
**NORTHERN DISTRICT OF CALIFORNIA**

10

11

12
BHANU VIKRAM, an individual, on behalf of himself, and on behalf of all persons similarly situated,

13

14
                    Plaintiff,

15
vs.

16
FIRST STUDENT MANAGEMENT, LLC, a Limited Liability Company;

17

18
                    Defendant.

19

20

21

22

23

24

25

26

27

28

Case No. 4:17-cv-04656-KAW

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;

2.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;

3.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;

4.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,

5.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*].

**DEMAND FOR A JURY TRIAL**

1

Plaintiff Bhanu Vikram ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      Defendant First Student Management, LLC ("DEFENDANT") is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2.      DEFENDANT is a school bus operator that provides student transportation services for schools and districts in the United States and Canada. DEFENDANT offers contracted services, including fleet maintenance and educational programs to students and managed services that enable customers to continue to own their school bus fleet and facilities, and manage day-to-day operations, including routing, dispatch, scheduling, maintenance, and more.

3.      PLAINTIFF was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and rest periods from January of 2016 to December of 2016. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as bus drivers and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice. DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

## **THE CONDUCT**

6.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA CLASS for their time worked. DEFENDANT systematically, unlawfully and unilaterally failed to accurately calculate minimum wages for all time worked by PLAINTIFF and other members of the CALIFORNIA CLASS in order to avoid paying these employees the correct compensation. As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for working without minimum wage compensation for all time worked.

7.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work. DEFENDANT required PLAINTIFF and CALIFORNIA CLASS Members to work off the clock without paying them for all the time they were under DEFENDANT's control. Specifically, PLAINTIFF and the CALIFORNIA CLASS Members were instructed to appear at DEFENDANT's bus yard at a pre-designated time, typically 6:00 a.m. for morning runs and 12:30 for afternoon runs. At the time

PLAINTIFF and other CALIFORNIA CLASS Members arrived at the bus yard, these workers stand in line to receive their route assignment for the workday.  After receiving their assignments (route sheets) and retrieving their keys from DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members walk to their assigned bus.  Once in the bus, PLAINTIFF and other CALIFORNIA CLASS Members log into DEFENDANT's time keeping system called ZONAR with their employee badge or "wand."  It is at this time that PLAINTIFF and other CALIFORNIA CLASS Members are "on the clock" and it is at this time these employees begin receiving compensation.  It is mandatory that PLAINTIFF and other CALIFORNIA CLASS Members arrive at DEFENDANT's bus yard at the pre-designated times to secure their work assignment, conduct pre-trip inspections and retrieve the keys to the bus.  PLAINTIFF estimates that on average., the time between when he reports to work and the point in time he swipes into DEFENDANT's timekeeping system, 5-10 minutes have elapsed.  As a result, PLAINTIFF and other CALIFORNIA CLASS Members forfeited time worked by regularly working without their time being accurately recorded and without minimum wage compensation at the applicable rate.  DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all time worked, including overtime worked, is evidenced by DEFENDANT's business records.

8.    In addition to the off-the-clock work, federal law provides that employees must be paid overtime at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance.

9.    The second component of PLAINTIFF's and other CALIFORNIA CLASS Members' compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.  The non-discretionary incentive program provided all employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT.  However, when calculating the regular rate

of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

10. In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the correct rate of pay for all federal overtime worked. This uniform policy and practice of DEFENDANT was intended to purposefully avoid the payment of the correct federal overtime compensation as required by the FLSA which allowed DEFENDANT to illegally profit and gain an unfair advantage over competitors who complied with the law. To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

11. As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take rest breaks. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees were denied their first rest periods of at least ten (10) minutes for every shift worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for every shift worked of ten (10) hours or more. PLAINTIFF and other CALIFORNIA CLASS Members were also not

provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were systemically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.  Specifically, DEFENDANT's dispatchers assigned PLAINTIFF and other CALIFORNIA CLASS Members routes and gave directions for their assigned routes and the expected times of arrival.  The time pressure to arrive for their route on time was so severe, that there was little to no time for PLAINTIFF and other CALIFORNIA CLASS Members to take timely, off-duty rest periods.  DEFENDANT was aware that PLAINTIFF and CALIFORNIA CLASS Members were regularly denied the opportunity to take rest periods due to the burdensome workload and time constraints placed upon them by DEFENDANT's assignments, but DEFENDANT nevertheless refused to authorize premium pay for missed or interrupted rest periods.

12.     From time to time, DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of gross wages earned, the correct federal overtime rates for overtime worked, including, work performed in excess of forty (40) hours in any workweek, and the correct penalty payments or missed rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Additionally, DEFENDANT failed to list the total hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members each pay period because of DEFENDANT's policy that required CALIFORNIA LABOR SUB-CLASS Members to work off the clock as described herein.  Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have been injured by DEFENDANT's intentional violation of California Labor Code Section 226(a) because they have been denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have

been injured as a result of having to bring this action to attempt to obtain correct wage information following DEFENDANT's refusal to comply with many of the mandates of the California Labor Code and related laws and regulations As a result, from time to time DEFENDANT provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.

13.    By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct minimum wage compensation for time worked by PLAINTIFF and other CALIFORNIA CLASS Members and also failed to provide off-duty rest periods.  The proper calculation of these employees' wages is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required minimum wage compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor Code and regulations promulgated thereunder as herein alleged.

14.    Specifically as to PLAINTIFF, DEFENDANT required him to work off the clock without paying him for all the time he was under DEFENDANT's control.  As to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components.  One component of PLAINTIFF's compensation was a base hourly wage. The second component of PLAINTIFF's compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF incentive wages based on her performance for DEFENDANT.  PLAINTIFF met DEFENDANT's predefined eligibility performance requirements in pay periods throughout her employment with DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wage. During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages

by DEFENDANT, PLAINTIFF also worked federal overtime for DEFENDANT, but DEFENDANT never included the incentive compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate federal overtime rate and thereby underpaid PLAINTIFF for federal overtime worked throughout her employment with DEFENDANT.    The incentive compensation paid by DEFENDANT constituted wages within the meaning of the Fair Labor Standards Act and thereby should have been part of PLAINTIFF's regular rate of pay."    PLAINTIFF was also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.    Further, PLAINTIFF was denied his first rest period of at least ten (10) minutes for every shift worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for every shift worked of ten (10) hours or more. PLAINTIFF was also not provided with one hour wages in lieu thereof.    DEFENDANT also provided PLAINTIFF with a pay stub that failed to accurately display PLAINTIFF's correct amount of gross wages earned and all time worked, and correct rates of federal overtime pay for certain pay periods in violation of Cal. Lab. Code § 226(a).    To date, DEFENDANT has not fully paid PLAINTIFF the wages still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203.    The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

15.    This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). Defendant removed this action to Federal Court from the Superior Court of California, County of San Francisco on the basis that Defendant contends there is jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1446.

16.    Venue is proper in this Court pursuant to 28 U.S.C.  §  1391 because (i)

DEFENDANT conducts and conducted substantial business within this judicial district and/or maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district. Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of San Francisco, but was later removed by DEFENDANT to this Court.

## THE CALIFORNIA CLASS

17.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as bus drivers and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

18.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

19.     DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly calculate and record minimum wage compensation for all time worked by PLAINTIFF and the other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this federal overtime work.

20. DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid for all time worked. DEFENDANT, however, as a matter of uniform and systematic policy and procedure failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid for all time worked, so as to satisfy their burden. This common business practice applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

21. The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

22. DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under California law by:

        (a) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating §§ 1194, 1197 & 1197.1 by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to pay all minimum wages due the CALIFORNIA CLASS for all time worked;

        (b) Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, by failing to pay the correct federal overtime wages to the PLAINTIFF and the members of the CALIFORNIA CLASS as legally required by the FLSA, and retaining the unpaid federal overtime to the benefit of DEFENDANT.;

        (c) Committing an act of unfair competition in violation of the California

1  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

2  failing to provide mandatory rest breaks to PLAINTIFF and the

3  CALIFORNIA CLASS members.

4  23.  This Class Action meets the statutory prerequisites for the maintenance of a Class

5  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

6  (a)  The persons who comprise the CALIFORNIA CLASS are so numerous

7  that the joinder of all such persons is impracticable and the disposition of

8  their claims as a class will benefit the parties and the Court;

9  (b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues

10  that are raised in this Complaint are common to the CALIFORNIA

11  CLASS will apply uniformly to every member of the CALIFORNIA

12  CLASS;

13  (c)  The claims of the representative PLAINTIFF are typical of the claims of

14  each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the

15  other members of the CALIFORNIA CLASS, was a non-exempt

16  employee paid on an hourly basis and paid an additional non-discretionary

17  incentive wage who was subjected to the DEFENDANT's practice and

18  policy which fails to pay the correct rate of federal overtime wages due to

19  the CALIFORNIA CLASS for all federal overtime worked by the

20  CALIFORNIA CLASS and thereby systematically underpaid federal

21  overtime compensation to the CALIFORNIA CLASS.  PLAINTIFF

22  sustained economic injury as a result of DEFENDANT's employment

23  practices.  PLAINTIFF and the members of the CALIFORNIA CLASS

24  were and are similarly or identically harmed by the same unlawful,

25  deceptive, unfair and pervasive pattern of misconduct engaged in by

26  DEFENDANT; and,

27  (d)  The representative PLAINTIFF will fairly and adequately represent and

28

protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

24.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due.

Including the correct federal overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1)  With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)  Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)  The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)  Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.  Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which

would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.  Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3)

25.    This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)  The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA

CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)    The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)    PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)    DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

1    26.    DEFENDANT maintains records from which the Court can ascertain and identify

2    by job title each of DEFENDANT's employees who as have been systematically, intentionally

3    and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein

4    alleged. PLAINTIFF will seek leave to amend the Complaint to include any additional job titles

5    of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

27.    PLAINTIFF further brings the Second, Third and Fourth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

28.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum wage compensation for the time worked by PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members wages at the correct amount to which these employees were entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

29.    DEFENDANT maintains records from which the Court can ascertain and identify

1  by name and job title, each of DEFENDANT's employees who have been systematically,

2  intentionally and uniformly subjected to DEFENDANT's company policy, practices and

3  procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include

4  any additional job titles of similarly situated employees when they have been identified.

5      30.   The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

6  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

7      31.   Common questions of law and fact exist as to members of the CALIFORNIA

8  LABOR SUB-CLASS, including, but not limited, to the following:

9                (a)   Whether DEFENDANT unlawfully failed to correctly calculate and pay

10                    minimum wage compensation to members of the CALIFORNIA LABOR

11                    SUB-CLASS in violation of the California Labor Code and California

12                    regulations and the applicable California Wage Order;

13               (b)   Whether DEFENDANT failed to provide PLAINTIFF and the other

14                    members of the CALIFORNIA LABOR SUB-CLASS with accurate

15                    itemized wage statements;

16               (c)   Whether DEFENDANT has engaged in unfair competition by the

17                    above-listed conduct;

18               (d)   The proper measure of damages and penalties owed to the members of the

19                    CALIFORNIA LABOR SUB-CLASS; and,

20               (e)   Whether DEFENDANT's conduct was willful.

21     32.   DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

22 under California law by:

23               (a)   Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording all

24                    time worked and thereby failing to pay PLAINTIFF and the members of

25                    the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay

26                    for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

27               (b)   Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the

28

1      members of the CALIFORNIA LABOR SUB-CLASS with an accurate

2      itemized statement in writing showing all accurate and applicable federal

3      overtime rates in effect during the pay period and the corresponding

4      amount of time worked at each federal overtime rate by the employee;

5      (c)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

6      when an employee is discharged or quits from employment, the employer

7      must pay the employee all wages due without abatement, by failing to

8      tender full payment and/or restitution of wages owed or in the manner

9      required by California law to the members of the CALIFORNIA LABOR

10      SUB-CLASS who have terminated their employment.

11    33.    This Class Action meets the statutory prerequisites for the maintenance of a Class

12  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

13      (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

14      so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

15      Members is impracticable and the disposition of their claims as a class

16      will benefit the parties and the Court;

17      (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

18      that are raised in this Complaint are common to the CALIFORNIA

19      LABOR SUB-CLASS and will apply uniformly to every member of the

20      CALIFORNIA LABOR SUB-CLASS;

21      (c)    The claims of the representative PLAINTIFF are typical of the claims of

22      each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF

23      sustained economic injury as a result of DEFENDANT's employment

24      practices.  PLAINTIFF and the members of the CALIFORNIA LABOR

25      SUB-CLASS were and are similarly or identically harmed by the same

26      unlawful, deceptive, unfair and pervasive pattern of misconduct engaged

27      in by DEFENDANT; and,

28

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation.    There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

34.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect

1          to the CALIFORNIA LABOR SUB-CLASS as a whole in that

2          DEFENDANT uniformly failed to pay all wages due;

3      (c)    Common questions of law and fact predominate as to the members of the

4          CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

5          violations of California Law as listed above, and predominate over any

6          question affecting only individual CALIFORNIA LABOR SUB-CLASS

7          Members, and a Class Action is superior to other available methods for

8          the fair and efficient adjudication of the controversy, including

9          consideration of:

10        1)    The interests of the members of the CALIFORNIA LABOR SUB-

11             CLASS in individually controlling the prosecution or defense of

12             separate actions in that the substantial expense of individual

13             actions will be avoided to recover the relatively small amount of

14             economic losses sustained by the individual CALIFORNIA

15             LABOR SUB-CLASS Members when compared to the substantial

16             expense and burden of individual prosecution of this litigation;

17        2)    Class certification will obviate the need for unduly duplicative

18             litigation that would create the risk of:

19             A.    Inconsistent or varying adjudications with respect to

20                 individual members of the CALIFORNIA LABOR SUB-

21                 CLASS, which would establish incompatible standards of

22                 conduct for the DEFENDANT; and/or,

23             B.    Adjudications with respect to individual members of the

24                 CALIFORNIA LABOR SUB-CLASS would as a practical

25                 matter be dispositive of the interests of the other members

26                 not parties to the adjudication or substantially impair or

27                 impede their ability to protect their interests;

28

3)  In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)  A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

35.  This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)  The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b)  A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)  The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)  PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

1    Members, will not be able to obtain effective and economic legal redress

2    unless the action is maintained as a Class Action;

3    (e)    There is a community of interest in obtaining appropriate legal and

4    equitable relief for the acts of unfair competition, statutory violations and

5    other improprieties, and in obtaining adequate compensation for the

6    damages and injuries which DEFENDANT's actions have inflicted upon

7    the CALIFORNIA LABOR SUB-CLASS;

8    (f)    There is a community of interest in ensuring that the combined assets of

9    DEFENDANT are sufficient to adequately compensate the members of

10    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

11    (g)    DEFENDANT has acted or refused to act on grounds generally applicable

12    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

13    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

14    CLASS as a whole;

15    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily

16    ascertainable from the business records of DEFENDANT; and,

17    (i)    Class treatment provides manageable judicial treatment calculated to bring

18    a efficient and rapid conclusion to all litigation of all wage and hour

19    related claims arising out of the conduct of DEFENDANT as to the

20    members of the CALIFORNIA LABOR SUB-CLASS.

21

22    **FIRST CAUSE OF ACTION**

23    **For Unlawful Business Practices**

24    **[Cal. Bus. And Prof. Code §§ 17200, *et seq*.]**

25    **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

26    36.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

27    incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

28

1  Complaint.

2    37.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

3  Code § 17021.

4    38.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

5  unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

6  17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

7  competition as follows:

8    Any person who engages, has engaged, or proposes to engage in unfair
     competition may be enjoined in any court of competent jurisdiction. The court
9    may make such orders or judgments, including the appointment of a receiver, as
     may be necessary to prevent the use or employment by any person of any practice
10   which constitutes unfair competition, as defined in this chapter, or as may be
     necessary to restore to any person in interest any money or property, real or
11   personal, which may have been acquired by means of such unfair competition.

12  Cal. Bus. & Prof. Code § 17203.

13    39.    By the conduct alleged herein, DEFENDANT has engaged and continues to

14  engage in a business practice which violated California law, including but not limited to, the

15  applicable Wage Order(s), the California Code of Regulations and the California Labor Code

16  including Sections 204, 226.7, 512, 558, 1194, 1197, 1197.1 & 1198, and the Fair Labor

17  Standards Act and federal regulations promulgated thereunder, for which this Court should

18  issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may

19  be necessary to prevent and remedy the conduct held to constitute unfair competition, including

20  restitution of wages wrongfully withheld.

21    40.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

22  unfair in that these practices violated public policy, were immoral, unethical, oppressive,

23  unscrupulous or substantially injurious to employees, and were without valid justification or

24  utility for which this Court should issue equitable and injunctive relief pursuant to Section

25  17203 of the California Business & Professions Code, including restitution of wages wrongfully

26  withheld.

27    41.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

28

1  fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

2  other members of the CALIFORNIA CLASS, Fair Labor Standards Act wages due for overtime

3  worked as a result of failing to include the incentive compensation into their regular rates for

4  purposing of computing federal overtime pay, failed to accurately record the applicable rate of

5  all federal overtime worked, and failed to provide off-duty rest periods, pursuant to the

6  applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal.

7  Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable

8  relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully

9  withheld.

10     42.     By the conduct alleged herein, DEFENDANT's practices were also unlawful,

11  unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the

12  other members of the CALIFORNIA CLASS to be underpaid during their employment with

13  DEFENDANT.

14     43.     By the conduct alleged herein, DEFENDANT's practices were also unfair and

15  deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide

16  mandatory rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as required by

17  Cal. Lab. Code §§ 226.7 and 512.

18     44.     PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA

19  CLASS member, one (1) hour of pay for each workday in which a rest period was not timely

20  provided as required by law.

21     45.     By and through the unlawful and unfair business practices described herein,

22  DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the

23  other members of the CALIFORNIA CLASS, including earned wages for all federal overtime

24  worked, and has deprived them of valuable rights and benefits guaranteed by law and contract,

25  all to the detriment of these employees and to the benefit of DEFENDANT so as to allow

26  DEFENDANT to unfairly compete against competitors who comply with the law.

27     46.     All the acts described herein as violations of, among other things, the Industrial

28

FIRST AMENDED  CLASS ACTION COMPLAINT

1  Welfare Commission Wage Orders, the California Code of Regulations, and the California

2  Labor Code, were unlawful and in violation of public policy, were immoral, unethical,

3  oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and

4  deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

5        47.    PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

6  and do, seek such relief as may be necessary to restore to them the money and property which

7  DEFENDANT has acquired, or of which PLAINTIFF and the other members of the

8  CALIFORNIA CLASS have been deprived, by means of the above described unlawful and

9  unfair business practices, including earned but unpaid wages for all federal overtime worked.

10       48.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further

11  entitled to, and do, seek a declaration that the described business practices are unlawful, unfair

12  and deceptive, and that injunctive relief should be issued restraining DEFENDANT from

13  engaging in any unlawful and unfair business practices in the future.

14       49.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain,

15  speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

16  of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.

17  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the

18  other members of the CALIFORNIA CLASS have suffered and will continue to suffer

19  irreparable legal and economic harm unless DEFENDANT is restrained from continuing to

20  engage in these unlawful and unfair business practices.

21

22                    **SECOND CAUSE OF ACTION**

23                  **For Failure To Pay Minimum Wages**

24             **[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

25        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

26                   **and Against All Defendants)**

27       50.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

28

1    CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

2    paragraphs of this Complaint.

3         51.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

4    bring a claim for DEFENDANT's willful and intentional violations of the California Labor

5    Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

6    accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS

7    Members.

8         52.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

9    public policy, an employer must timely pay its employees for all hours worked.

10        53.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the

11   commission is the minimum wage to be paid to employees, and the payment of a less wage than

12   the minimum so fixed in unlawful.

13        54.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

14   including minimum wage compensation and interest thereon, together with the costs of suit.

15        55.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

16   the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

17   amount of time they worked, including off the clock time tasks that the CALIFORNIA CLASS

18   Members engaged in for DEFENDANT.  As set forth herein, DEFENDANT's uniform policy

19   and practice was to unlawfully and intentionally deny timely payment of wages due to

20   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

21        56.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

22   without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

23   result of implementing a uniform policy and practice that denied accurate compensation to

24   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to

25   minimum wage pay.

26        57.    In committing these violations of the California Labor Code, DEFENDANT

27   inaccurately calculated the correct time worked and consequently underpaid the actual time

28

worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

58.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

59.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that they were entitled to, constituting a failure to pay all earned wages.

60.     By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

61.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

62.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and

continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

63.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes.  To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

**THIRD CAUSE OF ACTION**

**For Failure to Provide Accurate Itemized Statements**

**[Cal. Lab. Code § 226]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

64.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

65.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized" statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

66.    From time to time, DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of gross wages earned, the correct federal overtime rate for federal overtime worked, including, work performed in excess of forty (40) hours in any workweek, and the correct penalty payments or missed rest periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Additionally, DEFENDANT failed

to list the total hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members each pay period because of DEFENDANT's policy that required CALIFORNIA LABOR SUB-CLASS Members to work off the clock as described herein. Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have been injured by DEFENDANT's intentional violation of California Labor Code Section 226(a) because they have been denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have been injured as a result of having to bring this action to attempt to obtain correct wage information following DEFENDANT's refusal to comply with many of the mandates of the California Labor Code and related laws and regulations As a result, from time to time DEFENDANT provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226. Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq.*

67.     DEFENDANT knowingly and intentionally fails to comply with Cal. Lab. Code § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS. These damages include, but are not limited to, costs expended calculating the correct rates for the federal overtime worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

///

///

**FOURTH CAUSE OF ACTION**

**For Failure to Pay Wages When Due**

**[Cal. Lab. Code §§ 201, 202, 203]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

**Defendants)**

68.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of this Complaint.

69.    Cal. Lab. Code § 200 provides that:

As used in this article:
(a) "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

70.    Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

71.    Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

72.    There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

73.    Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action

31

1   therefor is commenced; but the wages shall not continue for more than 30 days.

2       74.     The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS

3   Members terminated and DEFENDANT has not tendered payment of federal overtime wages

4   and minimum wages due to these employees as required by law.

5       75.     Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the

6   members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and

7   who are owed wages, PLAINTIFF demands up to thirty days of pay as penalty for not paying

8   all wages due at time of termination for all employees who terminated employment during the

9   CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of

10   all wages due, plus interest and statutory costs as allowed by law.

11

12                        **FIFTH CAUSE OF ACTION**

13              **For Violation of the Private Attorneys General Act**

14                    **[Cal. Lab. Code §§ 2698, et seq.]**

15                 **(By Plaintiff  and Against All Defendants)**

16       78.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-77,

17   supra, as though fully set forth at this point.

18       79.     PAGA is a mechanism by which the State of California itself can enforce state

19   labor laws through the employee suing under the PAGA who do so as the proxy or agent of the

20   state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is

21   fundamentally a law enforcement action designed to protect the public and not to benefit private

22   parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a

23   means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In

24   enacting PAGA, the California Legislature specified that "it was ... in the public interest to

25   allow aggrieved employees, acting as private attorneys general to recover civil penalties for

26   Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be

27   subject to arbitration.

28

80.    Plaintiff , and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to himself and  all individuals who are or previously were employed by DEFENDANT as bus drivers and classified as non-exempt employees  in California during the time period of July 6, 2016 until the present (the "AGGRIEVED EMPLOYEES").

81.    On July 13, 2017, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  See Exhibit #1, attached hereto and incorporated by this reference herein.  The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired.  As a result, pursuant to Section 2699.3, Plaintiff  may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

82.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendant (a) failed to properly record and pay Plaintiff and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 256, 558, 1194, 1197, 1197.1 and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct.  Plaintiff hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the other AGGRIEVED EMPLOYEES.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)    That the Court certify the Second, Third and Fourth Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)    Compensatory damages, according to proof at trial, including compensatory damages for FLSA overtime compensation and minimum wage compensation due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon at the statutory rate;

    C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

FIRST AMENDED  CLASS ACTION COMPLAINT

Case No. **4:17-cv-04656-KAW**

1          an award of costs for violation of Cal. Lab. Code § 226; and,

2    D)    The wages of all terminated employees in the CALIFORNIA LABOR

3          SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

4          until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

5   3.    On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

6    A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

7          General Act of 2004.

8   4.    On all claims:

9    A)    An award of interest, including prejudgment interest at the legal rate;

10    B)    Such other and further relief as the Court deems just and equitable; and,

11    C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

12          law, including, but not limited to, pursuant to Labor Code §218.5, §226, §1194

13          and/or §1197.

Dated: February 12, 2018        BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP

                           /s/ Norman Blumenthal
              By: _____
                        Norman B. Blumenthal
                        Attorneys for Plaintiff

FIRST AMENDED  CLASS ACTION COMPLAINT
Case No. **4:17-cv-04656-KAW**

1

## **DEMAND FOR A JURY TRIAL**

2      PLAINTIFF demands a jury trial on issues triable to a jury.

3

4    Dated:   February 12, 2018          BLUMENTHAL NORDREHAUG BHOWMIK
                                        DE BLOUW LLP
5

6                                            /s/ Norman Blumenthal
                                     By: _____
7                                          Norman B. Blumenthal
                                           Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED  CLASS ACTION COMPLAINT
Case No. **4:17-cv-04656-KAW**