DAVID J. DOW, Bar No. 179407
ddow@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, California 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302

JEFFREY J. MANN, Bar No. 253440
jmann@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California 94597
Telephone: 925.932.2468
Facsimile: 925.946.9809

Attorneys for Defendant
FIRST STUDENT MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHANU VIKRAM, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STUDENT MANAGEMENT, LLC, a Limited Liability Company, and DOES 1 through 50, Inclusive,<br><br>Defendant. | Case No.: 4:17-cv-04656-KAW<br><br>**ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: July 6, 2017<br>FAC Filed: February 12, 2018 |

Case No.: 4:17-cv-04656-KAW    1.    ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Defendant FIRST STUDENT MANAGEMENT, LLC ("Defendant") respectfully submits its answers and defenses to the First Amended Complaint ("Complaint") filed by Plaintiff BHANU VIKRAM ("Plaintiff"), on behalf of themselves and all others similarly situated, as follows:

**THE PARTIES**

1. Defendant admits the allegations of this paragraph.

2. Defendant admits the allegations of this paragraph.

3. Defendant admits that Plaintiff was employed by Defendant as a non-exempt employee from January 2016 to December 2016, and that Plaintiff received an hourly wage plus additional compensation. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

4. Defendant denies the allegations of this paragraph.

5. Defendant denies the allegations of this paragraph.

6. Defendant denies the allegations of this paragraph.

7. Defendant admits that Plaintiff and the putative class members typically had pre-designated start times for each shift, that drivers typically walked to their buses after picking up their keys at the start of their shift and that drivers swipe into the Zonar systems after arriving at their buses. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

8. Defendant is not required to admit or deny the legal allegations contained herein, as the allegations are conclusions of law and legal principles asserted by Plaintiff and are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant admits that Plaintiff and the putative class members were compensated at an hourly rate of pay and that some putative class members were eligible for bonus pay. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

9. Defendant denies the allegations of this paragraph.

10. Defendant denies the allegations of this paragraph.

11. Defendant denies the allegations of this paragraph.

12. Defendant denies the allegations of this paragraph.

13. Defendant denies the allegations of this paragraph.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW    1.    ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

14. Defendant admits that Plaintiff was paid an hourly wage and was eligible for "lift assist" pay. Except as expressly admitted, Defendant denies the remaining allegations of this paragraph.

## JURISDICTION AND VENUE

15. Defendant admits the allegations of this paragraph.

16. Defendant admits that venue is appropriate in this district but otherwise denies the allegations of this paragraph.

## THE CALIFORNIA CLASS

17. Defendant denies the allegations of this paragraph.

18. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

19. Defendant denies the allegations of this paragraph.

20. Defendant denies the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

22. Defendant denies the allegations of this paragraph, including all of its subparts.

23. Defendant denies the allegations of this paragraph, including all of its subparts.

24. Defendant denies the allegations of this paragraph, including all of its subparts.

25. Defendant denies the allegations of this paragraph, including all of its subparts.

26. Defendant denies the allegations of this paragraph.

## THE CALIFORNIA LABOR SUB-CLASS

27. Defendant denies the allegations in this paragraph.

28. Defendant denies the allegations of this paragraph.

29. Defendant denies the allegations of this paragraph.

30. Defendant denies the allegations of this paragraph.

31. Defendant denies the allegations of this paragraph, including all of its subparts.

32. Defendant denies the allegations of this paragraph, including all of its subparts.

33. Defendant denies the allegations of this paragraph, including all of its subparts.

34. Defendant denies the allegations of this paragraph, including all of its subparts.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW    2.    ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

35.     Defendant denies the allegations of this paragraph, including all of its subparts.

**FIRST CAUSE OF ACTION**

36.     Defendant incorporates by reference each of its responses to paragraphs 1-35 above as if fully set forth herein.

37.     Defendant admits the allegations of this paragraph.

38.     There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

39.     Defendant denies the allegations of this paragraph.

40.     Defendant denies the allegations of this paragraph.

41.     Defendant denies the allegations of this paragraph.

42.     Defendant denies the allegations of this paragraph.

43.     Defendant denies the allegations of this paragraph.

44.     Defendant denies the allegations of this paragraph.

45.     Defendant denies the allegations of this paragraph.

46.     Defendant denies the allegations of this paragraph.

47.     Defendant denies the allegations of this paragraph.

48.     Defendant denies the allegations of this paragraph.

49.     Defendant denies the allegations of this paragraph.

**SECOND CAUSE OF ACTION**

50.     Defendant incorporates by reference each of its responses to paragraphs 1-49 above as if fully set forth herein.

51.     There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

52.     There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

53.     There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW         3.         ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

54. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

55. Defendant denies the allegations of this paragraph.

56. Defendant denies the allegations of this paragraph.

57. Defendant denies the allegations of this paragraph.

58. Defendant denies the allegations of this paragraph.

59. Defendant denies the allegations of this paragraph.

60. Defendant denies the allegations of this paragraph.

61. Defendant denies the allegations of this paragraph.

62. Defendant denies the allegations of this paragraph.

63. Defendant denies the allegations of this paragraph.

## THIRD CAUSE OF ACTION

64. Defendant incorporates by reference each of its responses to paragraphs 1-63 above as if fully set forth herein.

65. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

66. Defendant denies the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph.

## FOURTH CAUSE OF ACTION

68. Defendant incorporates by reference each of its responses to paragraphs 1-68 above as if fully set forth herein.

69. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

70. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

71. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.:  4:17-cv-04656-KAW          4.          ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

72. Defendant admits that Plaintiff was not subject to an employment contract for a definite term. Defendant lacks sufficient information to admit or deny the allegations in the remainder of this paragraph.

73. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

74. Defendant denies the allegations of this paragraph.

75. Defendant denies the allegations of this paragraph.

### FIFTH CAUSE OF ACTION

76. Defendant incorporates by reference each of its responses to paragraphs 1-75 above as if fully set forth herein.

77. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

78. There are no factual allegations in this paragraph, and on that basis, Defendant denies the allegations in this paragraph.

79. Defendant lacks sufficient information to admit or deny that Plaintiff provided adequate notice to the LWDA, and on that basis denies all the allegations of this paragraph.

80. Defendant denies the allegations of this paragraph.

### PRAYER FOR RELIEF

In response to Plaintiff's various Prayers for Relief contained in his First Amended Complaint, Defendant denies that Plaintiff and the putative class members are entitled to any type of relief, including but not limited to, compensatory, economic and/or special damages, liquidated damages, reasonable attorneys' fees, costs of suit, statutory penalties, restitution, injunctive relief, unpaid wages, benefits and penalties, and interest.

### AFFIRMATIVE DEFENSES

Defendant further asserts the following affirmative defenses to the Complaint and each claim therein. By asserting the defenses, Defendant does not concede that it has the burden of production or proof as to any affirmative defense asserted below. Defendant does not presently know all of the factors concerning the conduct of Plaintiff sufficient to state all affirmative defenses at this time.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW          5.          ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendant will seek leave of this Court to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are preempted in whole or in part by federal law, including, but not limited to, section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members have failed, refused and/or neglected to mitigate or avoid their damages, if any.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to allege special damages with requisite specificity.

### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's and the putative class members' claims are barred by their own breach of duties owed to Defendant under California Labor Code sections 2853, 2854, 2856, 2857, 2858 and 2859.

### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff and/or any putative class member "worked" hours for which compensation was not paid, Defendant had no knowledge, or reason to know, of such "work," and such "work" was undertaken without the consent or permission of Defendant.

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW           6.           ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

**SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any time either Plaintiff or any putative class member spent on work-related activities for which compensation was otherwise due but was not paid was *de minimis* such that no compensation is owed.

**EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that all or portions of the claims set forth in the Complaint are barred by the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337(1), 338(a), 340(a) and (b), California Business and Professions Code section 17208, California Labor Code section 203, 29 U.S.C. sections 160(b) and 255(a) and any other application statute of limitations.

**NINTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges the Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiff and the putative class should be required to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over their claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the alleged injuries to Plaintiff and the putative class members were not proximately caused by any unlawful policy, custom, practice, and/or procedure promulgated and/or tolerated by Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any unlawful or other wrongful acts of any person(s) employed by Defendant were outside of the scope of his or her authority and such act(s), if any, were not authorized, ratified, or condoned by Defendant, nor did Defendant know or have reason to be aware of such alleged conduct.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW   7.   ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that any loss or damage sustained by Plaintiff and the putative class members were caused by the acts or omissions of Plaintiff and the putative class, or persons other than Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint, and each purported claim contained therein, is barred to the extent Plaintiff and the putative class members, by their acts, conduct and omissions, expressly or impliedly waived whatever rights they may have had against Defendant or misled Defendant regarding hours worked.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred, or alternatively should be stayed or abated by the Court, in whole in or part, as it is duplicative of pending, substantially identical and earlier-filed state court actions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that each purported cause of action in the Complaint, or some of the causes of action, are barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the claims alleged by Plaintiff are barred because, without admitting that Defendant owed any duties or obligations to Plaintiff and the putative class members, such duties or obligations have been fully performed, satisfied or discharged.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because the principles of fairness and equity operate to bar the imposition of penalties under California Labor Code section 226.

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW    8.    ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and/or any of the alleged putative class members sustained no injury, as defined in Labor Code section 226(e)(2), from any alleged failure to provide wage statements in conformity with Labor Code section 226(a) or from any other alleged violation of the California Labor Code.

## TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained because, without admitting that any violation took place, Defendant alleges that any violation of the California Labor Code or of a Wage Order of the Industrial Welfare Commission was an act or omission made in good faith, and that in any participation in such acts, Defendant had reasonable grounds for believing that the act or omission was not a violation of the California Labor Code or any Wage Order of the Industrial Welfare Commission.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that assuming, arguendo, that Plaintiff and the putative class members are entitled to additional compensation, Defendant has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and the putative class members to justify any awards of penalties or fees.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims for penalties, including, but not limited to penalties predicated on Labor Code sections 201, 202 and 203, are barred because (1) there are bona fide disputes as to whether Defendant failed to timely pay all wages due, and (2) Defendant has not willfully failed to pay such compensation, if any is owed.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Plaintiff's claims under Labor Code sections 201 through 203 cannot be maintained against Defendant to the extent Plaintiff and/or any of the alleged putative class members secreted or absented themselves to avoid

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.: 4:17-cv-04656-KAW   9.   ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

payment of wages, thereby relieving Defendant of liability for penalties predicated on Labor Code sections 203.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that to the extent that Plaintiff and/or any other alleged putative class members did not take rest breaks, it was the result of their disregard of Defendant's instructions that they were authorized and permitted to take rest breaks.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred because Plaintiff and the putative class failed to timely and completely exhaust the requisite administrative, statutory, and/or contractual remedies available to them, including with the Labor Workforce Development Agency under the California Labor Code and under any applicable collective bargaining agreement prior to commencing this action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that its business actions or practices were not unfair, unlawful, fraudulent or deceptive within the meaning of California Business and Professions Code section 17200, *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense to the Complaint and to the cause of action therein for alleged violation of California Business and Professions Code sections 17200 *et seq.*, Plaintiff's claims (and those of the putative class) are barred because California Business and Professions Code sections 17200 *et seq.* are unconstitutionally vague and overbroad and the manner in which Plaintiff alleges that said statutes apply to Defendant's business practices constitutes a violation of Defendant's rights to substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the California Constitution.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class are barred from obtaining relief pursuant to their causes of action for violation of

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW                 10.                ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

California Business and Professions Code section 17200, *et seq.* because California law does not permit representative actions where liability can only be determined through fact-intensive individualized assessments of alleged wage and hour violations.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's and the putative class members' claims predicated on California Business and Professions Code section 17200, *et seq.*, are barred because Plaintiff and/or the alleged putative class members have an adequate remedy at law.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that its business practices were not "unfair," "unlawful" or "deceptive" within the meaning of California Business and Professions Code section 17200, *et seq.*

### THIRTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because Plaintiff has failed to plead, and cannot establish the necessary procedural elements for, class treatment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that this suit may not be properly maintained as a class action because a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant opposes class certification and disputes the propriety of class treatment. If the Court certifies a class in this case over Defendant's objections, then Defendant asserts the affirmative defenses set forth herein against each and every member of the certified class.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW       11.       ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the adjudication of the claims of the putative class through generalized class wide proof violates Defendant's due process rights and right to trial by jury guaranteed by the United States and California Constitutions.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the prayer for restitution and declaratory relief is barred with respect to any and all alleged violations of California Business and Professions Code section 17200, *et seq.* that have discontinued, ceased, and are not likely to recur.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges on information and belief that the Complaint is or may be barred and/or relief is or may be limited due to after-acquired evidence.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, Defendant alleges that it is entitled to an offset against any relief due Plaintiff and/or the putative class members based upon their respective wrongful conduct and/or monies owed to Defendant, including, but not limited to, any overpayments made to Plaintiff and any contractual damages and/or indemnity owed by Plaintiff as the result of his failure to perform his contractual obligations or overpayment for hours worked.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Defendant alleges that Plaintiff and the putative class members consented to, encouraged, or voluntarily participated in all actions taken, if any.

///

///

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW   12.   ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## FORTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each and every cause of action alleged therein is barred, in whole in or part, under the doctrines of *res judicata* and/or collateral estoppel based on the settlement, waiver, release and judgments entered in *Tyrer v. First Student, Inc.,* Los Angeles Superior Court Case No. BC459305.

## FORTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims, and those of the putative class members, for unpaid overtime are barred, in whole or in part, because Plaintiff and the putative class members were exempt from overtime pursuant to the state Motor Carrier Exemption under Section 3(L) of Wage Order 9, Section 3(H) of Wage Order 9 and/or Labor Code section 514..

## FORTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's cause of action based upon the Private Attorneys General Act, California Labor Code section 2698, *et seq*. in Plaintiff's Complaint is unconstitutional on the basis that it violates the separation of powers doctrine by empowering private attorneys to prosecute public claims, thereby impairing the judiciary's inherent power to regulate attorney conduct.

## FORTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for penalties under PAGA cannot be determined on a representative basis and any attempt to present such at trial would be unduly burdensome and unmanageable.

/ / /

/ / /

/ / /

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

Case No.: 4:17-cv-04656-KAW          13.          ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## FORTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that if PAGA penalties are owed, the amount of said penalties must be reduced pursuant to Labor Code sections 2699(e)(1) and (2).

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays that:

1. The Complaint be dismissed in its entirety, with prejudice, and that Plaintiff take nothing by way of his Complaint;

2. Judgment be entered against Plaintiff and in favor of Defendant;

3. Defendant be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4. The Court award Defendant such other and further relief as it deems appropriate.

Dated:  March 5, 2018

        s/ David J. Dow
DAVID J. DOW
JEFFREY J. MANN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
FIRST STUDENT MANAGEMENT, LLC

Firmwide:153101638.2 070991.1148

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA  94104
415.433.1940

Case No.:  4:17-cv-04656-KAW    14.    ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT