**BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHANU VIKRAM, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>FIRST STUDENT MANAGEMENT, LLC, a Limited Liability Company, and DOES 1 through 50, Inclusive,<br><br>       Defendant. | CASE No. **4:17-CV-04656-KAW**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date: January 31, 2019<br>Hearing Time: 1:30 p.m.<br><br>Magistrate Judge Kandis A. Westmore<br><br>Oakland Courthouse,<br>Courtroom 4 - 3rd Floor |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

2

    **PLEASE TAKE NOTICE THAT** on January 31, 2019, at 1:30 p.m. in the

3

United States District Court for the Northern District of California, located at the

4

Oakland Courthouse, Courtroom 4 - 3rd Floor, 1301 Clay Street, Oakland, CA 94612,

5

before Magistrate Judge Kandis A. Westmore, Plaintiff Bhanu Singh ("Plaintiff") will

6

move for preliminary approval of the proposed class settlement with Defendant First

7

Student Management LLC ("Defendant").  This motion is unopposed as based on the

8

Class Action Settlement Agreement ("Agreement") between the parties filed

9

concurrently with this motion.

10

    The motion will be based on this Notice of Motion and the attached Memorandum

11

of Points and Authorities filed herewith, the Declaration of Kyle Nordrehaug and

12

attached exhibits, the argument of counsel and upon such other material contained in the

13

file and pleadings of this action.

14

    Respectfully submitted,

15

16

Dated: December 4, 2018        BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP

17

18

By:      */s/ Kyle Nordrehaug*
           Norman B. Blumenthal

19

           Kyle R. Nordrehaug
           Attorneys for Plaintiff

20

21

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    DESCRIPTION OF THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.    PLAN OF ALLOCATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

V.     THE SETTLEMENT MEETS ALL CRITERIA NECESSARY FOR
       PRELIMINARY APPROVAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.    The Role Of The Court In Preliminary Approval Of A Class Action
             Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       B.    Factors To Be Considered In Granting Preliminary Approval . . . . . . . . 9

             1.    The Settlement Is the Product of Serious, Informed and
                   Noncollusive Negotiations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

             2.    The Settlement Has No "Obvious Deficiencies" and Falls
                   Within the Range for Approval  . . . . . . . . . . . . . . . . . . . . . . . . 11

             3.    The Settlement Does Not Improperly Grant Preferential
                   Treatment To The Class Representative or Segments Of
                   The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

             4.    The Stage Of The Proceedings Is Sufficiently Advanced To
                   Permit Preliminary Approval Of The Settlement . . . . . . . . . . . 14

VI.    THE CLASS IS PROPERLY CERTIFIED FOR
       SETTLEMENT PURPOSES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

VII.   THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE . . . 20

VIII.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**<u>Cases</u>**:

3
*Ansari v. New York Univ.*,
        179 F.R.D. 112 (S.D.N.Y. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
4

5
*Armstrong v. Board of School Directors*,
        616 F.2d 305 (7th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

6
*Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.*,
        249 F.R.D. 334 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19
7

8
*Detroit v. Grinnell Corp.*,
        495 F.2d 448 (2d Cir. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9
*Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*,
        213 F.3d 454 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13, 15
10

11
*EEOC v. Kovacevich "5" Farms*,
        2007 U.S. Dist. LEXIS 32330 (E.D.Cal. April 18, 2007) . . . . . . . . . . . . . . . 16

12
*Fisher Bros. v. Cambridge-Lee Indus., Inc.*,
        630 F. Supp. 482 (E.D. Pa. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
13

14
*Gautreaux v. Pierce*,
        690 F.2d 616 (7th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

15
*Glass v. UBS Fin. Servs.*,
        2007 U.S. Dist. LEXIS 8476 (N.D. Cal. January 27, 2007) . . . . . 11, 13, 14, 15
16

17
*Hanlon v. Chrysler Co.*,
        150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17

18
*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
        55 F.3d 768 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
19

20
*In re Jiffy Lube Sec. Litig.*,
        927 F.2d 155 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

21
*In re Tableware Antitrust Litig.*,
        484 F. Supp. 2d 1078 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
22

23
*In re Wash. Public Power Supply System Sec. Litig.*,
        720 F. Supp. 1379 (D. Ariz. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

24
*Kirkorian v. Borelli*,
        695 F. Supp. 446 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
25

26
*Kurihara v. Best Buy Co.*,
        2007 U.S. Dist. LEXIS 64224 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . 17

27
*Lockwood Motors, Inc. v. General Motors Corp.*,
        162 F.R.D. 569 (D. Minn. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
28

*Louie v. Kaiser Found. Health Plan, Inc.*,
  2008 U.S. Dist. LEXIS 78314 (S.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . 7, 14

*Lyons v. Marrud, Inc.*,
  [1972-1973 Transfer Binder] Fed. Sec. L. Rep.
  (CCH) Paragraph 93,525 (S.D.N.Y. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*,
  618 F.3d 988 (9th Cir 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*,
  323 F. Supp. 364 (E.D. Pa. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
  390 U.S. 414 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Reed v. General Motors Corp.*,
  703 F.2d 170 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Slaven v. BP Am., Inc.*,
  190 F.R.D. 649 (C.D. Cal. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Smith v. Waverly Partners, LLC*,
  2012 U.S. Dist. LEXIS 119403,
  2012 WL 3645324 (W.D.N.C. Aug. 23, 2012) . . . . . . . . . . . . . . . . . . . . . . . 1

*Staton v. Boeing*,
  327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stovall-Gusman v. W.W. Granger, Inc.*,
  2015 U.S. Dist. LEXIS 78671 (N.D. Cal. 2015) . . . . . . . . . . . . . . . . . . . . . 11

*Tate v. Weyerhaeuser Co.*,
  723 F.2d 598 (8th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Tourgeman v. Collins Fin. Servs.*,
  2011 U.S. Dist. LEXIS 122422 (S.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . 19

*Weinberger v. Kendrick*,
  698 F.2d 61 (2d Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*White v. Local 942*,
  688 F.2d 85 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

**Statutes:**

Cal. Business and Professions Code § 17200 . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Labor Code § 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Labor Code § 202 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Labor Code § 203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 6

Cal. Labor Code § § 226 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Labor Code § 1194 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Labor Code § 1197 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Labor Code § 1197.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Labor Code § 2698 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. Rules Civ. Proc., rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16-19

### Secondary Authorities:

2 H. Newberg & A. Conte, *Newberg on Class Actions* (3d ed. 1992) . . . . . . . . . 7, 21

*Manual for Complex Litigation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 21

3B J. Moore, *Moore's Federal Practice* §§23.80 - 23.85 (2003) . . . . . . . . . . . . . . . 8

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2  Plaintiff Bhanu Singh ("Plaintiff") respectfully submits this memorandum of

3 points and authorities in support of the motion for preliminary approval of settlement of

4 the class action.

5 ## I. INTRODUCTION

6  Plaintiff and Defendant First Student Management LLC ("Defendant") have

7 reached a full and final settlement of the above-captioned class action, which is

8 embodied in the Class Action Settlement Agreement ("Agreement") filed concurrently

9 with the Court as <u>Exhibit 1</u> to the Declaration of Kyle Nordrehaug ("Decl.

10 Nordrehaug").[1]  By this motion, Plaintiff seeks preliminary approval of the Agreement,

11 entry of the Preliminary Approval Order, and scheduling of the Final Approval Hearing

12 to determine final approval of the Settlement.

13 ## II. DESCRIPTION OF THE SETTLEMENT

14  Counsel for the Parties, after significant litigation and contentious settlement

15 negotiations, agreed to a settlement that is fair, reasonable and favorable to the Class.

16 The Class is defined as "all individuals who worked for Defendant as bus drivers at

17 Defendant's San Francisco location in California at any time from July 6, 2013 to June

18 15, 2018 ("Class Period")."  (Agreement at ¶ I(B).)  Decl. Nordrehaug, ¶3.

19  Under the terms to which the Parties have agreed, Defendant agrees to pay Four

20 Hundred Thirty-Five Thousand Dollars ($435,000) ("Gross Settlement Amount") in

21 consideration for the settlement and the release of claims as described in the Agreement.

22 The release applicable to the Class relates to the allegations in the Action and appears

23 in the Agreement at Paragraph III(F).  The Gross Settlement Amount will consist of: all

24 payments to all Participating Class Members, Class Counsel Fees Payment, Class

25 Counsel Litigation Expenses Payment, the Settlement Administration Expenses, the

26

27  [1] Capitalized terms in this Memorandum have the same meaning as contained in the
28 Agreement.

1  PAGA Payment, and the Class Representative Service Payment. (Agreement at ¶ III(B)-
2  (C).)   Defendant shall fully fund the Gross Settlement Amount to the Settlement
3  Administrator within five (5) days of the Effective Date of the Settlement.  (Agreement
4  at ¶ III(E)(9).)  Decl. Nordrehaug, ¶4.

5  The Net Settlement Amount is the Gross Settlement Amount less the
6  Court-approved amounts for Settlement Administration Expenses, Class Counsel Fees
7  Payment, Class Counsel Litigation Expenses Payment, the Class Representative Service
8  Payment, and the LWDA Payment.  (Agreement at ¶ I(S).)  The Settlement Share for
9  each Participating Class Member will be calculated by (a) dividing the Net Settlement
10  Amount by the total workweeks of all Participating Class Members worked during the
11  Class Period, including the workweek enhancement for former employees, to determine
12  the value of each workweek and (b) multiplying the result by each individual
13  Participating Class Member's total number of workweeks worked during the Class
14  Period.  Participating Class Members who are former employees of Defendant as of June
15  15, 2018 shall be entitled to a 2 multiplier of their workweeks worked during the Class
16  Period as a result of their entitlement to Labor Code § 203 penalties.  (Agreement at ¶
17  III(C)(2).)  Decl. Nordrehaug, ¶5.

18  This is an excellent result for the members of the Class.  The litigation risks that
19  the Plaintiff and Class Members face if the case were not settled include, among other
20  things, Defendant prevailing on class certification, an adverse decision on the merits, loss
21  of motions which would result in limiting any exposure, and the possibility that a jury
22  would return a less favorable verdict.  Liability in this case was uncertain because a jury
23  may have found that some or all of the Class Members were properly compensated
24  and/or that Defendant's conduct was lawful. Decl. Nordrehaug, ¶6. Moreover, there was
25  further uncertainty as to whether class certification could have been obtained and
26  maintained throughout the trial. These defenses could have reduced the amount
27  recovered or denied a recovery altogether to the members of the Class. Class Counsel
28  and Plaintiff wish to avoid these risks and uncertainties, as well as the consumption of

1  time and resources of litigation, through settlement pursuant to the terms and conditions
2  of the Agreement.  Decl. Nordrehaug, ¶6.

3  **III.    NATURE OF THE CASE**

4          On July 6, 2017, Plaintiff filed the Complaint against Defendant in the Superior
5  Court of the State of California, County of San Francisco.  The Complaint generally
6  alleged that with respect to bus drivers, Defendant (1) violated the California Business
7  and Professions Code §17200 et seq. by failing to pay for all hours worked and failing
8  to properly pay overtime on bonus pay in violation of California law and the Fair Labor
9  Standards Act; (2) failed to pay minimum wages in violation of California Labor Code
10 §§ 1194, 1197, and 1197.1; (3) failed to provide accurate itemized wage statements in
11 violation of California Labor Code § 226; and, (4) failed to timely provide wages due in
12 violation of California Labor Code §§ 201, 202, and 203.  Decl. Nordrehaug, ¶7.

13         On August 11, 2017, Defendant removed the Action to federal court.  On February
14 12, 2018, Plaintiff filed a First Amended Complaint adding a claim under the Private
15 Attorney General Act, Cal. Labor Code §§ 2698 et seq. ("PAGA").  On March 5, 2018,
16 Defendant filed an answer to the First Amended Complaint generally denying all claims
17 and asserting 45 affirmative defenses.  Plaintiff moved to remand the Action, however,
18 this motion was denied by the Court.  [Doc. No. 19].  Decl. Nordrehaug, ¶8.

19         During the course of litigation, the Parties each served discovery.  The Parties
20 engaged in an exchange of information and documents were produced.  The Parties
21 appeared at the Initial Case Management Conference.  Thereafter, The Parties agreed to
22 ADR before a neutral mediator in an attempt to resolve the Action.  Decl. Nordrehaug,
23 ¶9.

24         In the course of litigating the Action, Plaintiff and Defendant have engaged in
25 substantial investigation in connection with the Action, including the detailed
26 investigation and the exchange of information regarding the number of possible class
27 members, Defendant's payroll information for the Class, and other relevant issues. Class
28 Counsel has thoroughly analyzed the value of the Class Members' claims during the

1    prosecution of this Action.  This discovery, investigation, and prosecution has included,

2    among other things, (a) multiple meetings and conferences with Plaintiff; (b) inspection

3    and analysis of the documents and materials produced by Plaintiff and Defendant; (c)

4    analysis of the various legal positions taken and defenses raised by Defendant; (d)

5    investigation and law and motion regarding class treatment of the claims; (e) analysis of

6    potential class-wide damages; (f) research of the applicable law with respect to the

7    claims asserted in the Action and the potential defenses thereto; (g) the exchange of

8    information through informal discovery; and, (h) assembling data for calculating

9    damages, including retaining an expert for this calculation.  The investigations and

10   discussions by counsel have been more than sufficient to give the Plaintiff and Class

11   Counsel a sound understanding of the merits of their positions and to evaluate the value

12   of the claims of the Class Members in light of the defenses to them.  Plaintiff and Class

13   Counsel believe that the settlement with Defendant for the consideration and on the

14   terms set forth in the Agreement is fair, reasonable, and adequate and is in the best

15   interests of the Class in light of all known facts and circumstances, including the risk of

16   significant delay, the likelihood that Defendant would prevail on its defenses, and

17   numerous potential appellate issues.  Decl. Nordrehaug, ¶10.

18        Defendant does not admit any liability and denies and wrongdoing and denied that

19   the Class Members are entitled to any damages.  Defendant denies any and all allegations

20   relating to this matter, including, among other things, that it has failed to properly

21   compensate employees, or that it otherwise violated its legal obligations.  Defendant has

22   asserted many   affirmative defenses, including that the claims were based on

23   individualized facts and were not appropriate for class certification.  Defendant maintains

24   that it has acted lawfully at all times.  Decl. Nordrehaug, ¶11.

25        On April 23, 2018, the Parties participated in an all-day mediation presided over

26   by Gig Kyriacou, an experienced mediator of employment class actions.  During the

27   mediation, each side, represented by its respective counsel, engaged in arms-length

28   negotiations with the assistance of the mediator.  At the conclusion of the mediation, the

1   Parties both accepted the mediator's proposal. With further assistance from the mediator,

2   the Parties reached a mutually agreeable Memorandum of Understanding.  The Parties

3   then negotiated and prepared the Agreement which sets forth the final terms of

4   Settlement for this Court's consideration.  Decl. Nordrehaug, ¶12.

5   **IV.    PLAN OF ALLOCATION**

6          To implement the terms of this Settlement, Defendant agrees to pay the Gross

7   Settlement Amount of Four Hundred Thirty-Five Thousand Dollars ($435,000)  in full

8   and complete satisfaction of the claims released by the Agreement.  (Agreement at ¶¶

9   III(A) and III(F).)  The Gross Settlement Amount will consist of: (i) all payments to

10  Participating Class Members; (ii) the Class Representative Service Payment to the

11  Plaintiff of up to $10,000; (iii) $10,000 for the PAGA Payment; (iv) up to $10,000 for

12  the Settlement Administration Expenses; (v) Class Counsel's approved attorneys' fees of

13  not more than $108,750; and, (vi) Class Counsel's approved litigation costs of not more

14  than $10,000.  The Gross Settlement Amount shall not include the employer's share of

15  payroll taxes which shall remain the separate responsibility of Defendant.  (Agreement

16  at ¶ III(A)-(C).)  Decl. Nordrehaug, ¶13.

17         As per Paragraph I(S) of the Agreement, the Net Settlement Amount is the Gross

18  Settlement Amount less the Court-approved amounts for the Class Representative

19  Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses

20  Payment, the LWDA Payment, and the Settlement Administration Expenses.  The entire

21  Net Settlement Amount will be distributed to Participating Class Members, which are

22  those Class Members who do not request exclusion.  (Agreement at ¶¶ I(U) and III(C).)

23  Decl. Nordrehaug, ¶14.

24         From the Net Settlement Amount, the Settlement Administrator will pay a

25  Settlement Share to each Participating Class Member.  The submission of a claim form

26  is not required to be paid.  (Agreement at ¶ III(C)(1).)  The Settlement Share for each

27  Participating Class Member will be calculated by (a) dividing the Net Settlement

28  Amount by the total workweeks of all Participating Class Members worked during the

Class Period, including the workweek enhancement for former employees, to determine the value of each workweek and (b) multiplying the result by each individual Participating Class Member's total number of workweeks worked during the Class Period. Participating Class Members who are former employees of Defendant as of June 15, 2018 shall be entitled to a 2 multiplier of their workweeks worked during the Class Period as a result of their entitlement to Labor Code § 203 penalties. (Agreement at ¶ III(C)(2).) Settlement checks shall remain valid for 180 days from the date of issue. If the check of a Participating Class Member remains uncashed, the funds from such uncashed checks for the California Class will be paid to the DIR Unpaid Wage Fund in the name of the Participating Class Member. (Agreement at ¶ III(E)(10).) Decl. Nordrehaug, ¶15.

Subject to Court approval, the Parties have agreed that ILYM Group will be appointed as Settlement Administrator. (Agreement at ¶ III(D).) All administrative fees, costs and expenses incurred by the Settlement Administrator in connection with administering the Settlement will be paid from the Gross Settlement Amount. The Settlement Administrator has estimated that administering this settlement will not exceed the cost of $10,000. (Agreement at ¶ III(B)(4).) Decl. Nordrehaug, ¶16.

Class Counsel will apply to the Court for an award of an amount up to 25% of the Gross Settlement Amount for reasonable attorneys' fees, and for reimbursement of litigation costs not to exceed $10,000. (Agreement at ¶ III(B)(2).) Plaintiff will also apply for the approval of a Class Representative Services Payment in an amount not to exceed $10,000. (Agreement at ¶ III(B)(1).) The motion shall be scheduled for determination at the Final Approval Hearing but will be filed at least fourteen days before the deadline to submit written objections to the Settlement. Decl. Nordrehaug, ¶17.

## V.   THE SETTLEMENT MEETS ALL CRITERIA NECESSARY FOR PRELIMINARY APPROVAL

When a proposed class-wide settlement is reached, the settlement must be

1   submitted to the court for approval.  Fed. R. Civ. P. 23(e)(1)(A); 2 H. Newberg & A.

2   Conte, *Newberg on Class Actions* (3d ed. 1992) at §11.41, p.11-87.  Preliminary

3   approval is the first of three steps that comprise the approval procedure for settlements

4   of class actions.  See e.g. *Louie v. Kaiser Found. Health Plan, Inc.*, 2008 U.S. Dist.

5   LEXIS 78314 (S.D. Cal. 2008).  The second step is the dissemination of notice of the

6   settlement to all class members.  The third step is a final settlement approval hearing, at

7   which evidence and argument concerning the fairness, adequacy, and reasonableness of

8   the settlement may be presented and class members may be heard regarding the

9   settlement.  See *Manual for Complex Litigation*, Second §30.44 (1993).

10      The question presented on a motion for preliminary approval of a proposed class

11  action settlement is whether the proposed settlement is "within the range of possible

12  approval." *Manual for Complex Litigation*, Second §30.44 at 229; *Gautreaux v. Pierce*,

13  690 F.2d 616, 621 n.3 (7th Cir. 1982); *Louie*, *supra*, at *7.   Preliminary approval is

14  merely the prerequisite to giving notice so that "the proposed settlement . . . may be

15  submitted to members of the prospective Class for their acceptance or rejection."

16  *Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323

17  F. Supp. 364, 372 (E.D. Pa. 1970).  There is an initial presumption of fairness when a

18  proposed settlement, which was negotiated at arm's length by Class Counsel, is presented

19  for court approval.  *Newberg*, 3d Ed., §11.41, p.11-88.  However, the ultimate question

20  of whether the proposed settlement is fair, reasonable and adequate is made after notice

21  of the settlement is given to the class members and a final settlement hearing is held by

22  the Court.

23  **A.      The Role Of The Court In Preliminary Approval Of A Class Action
24          Settlement**

25      The approval of a proposed settlement of a class action suit is a matter within the

26  broad discretion of the trial court.  *Staton v. Boeing*, 327 F.3d 938, 959 (9th Cir. 2003).

27  Preliminary approval does not require the trial court to answer the ultimate question of

28  whether a proposed settlement is "fair, reasonable and adequate."  *In re Jiffy Lube Sec.*

*Litig.*, 927 F.2d 155, 158 (4th Cir. 1991); *Manual for Complex Litigation*, Third, §§ 20.212.  That determination is made only after notice of the settlement has been given to the members of the class and after the class members have been given an opportunity to voice their views of the settlement or to be excluded from the settlement class.  See, e.g., 3B J. Moore, *Moore's Federal Practice* §§23.80 - 23.85 (2003).

In considering a potential settlement for preliminary approval purposes, the trial court does not have to reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute (*Detroit v. Grinnell Corp.*, 495 F.2d 448, 456 (2d Cir. 1974)), and need not engage in a trial on the merits.  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983). The court is not required to determine that certification of a settlement class is appropriate until the final settlement approval.  *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 797 (3d Cir. 1995).

The question of whether a proposed settlement is fair, reasonable and adequate necessarily requires a judgment and evaluation by the attorneys for the parties based upon a comparison of "the terms of the compromise with the likely rewards of litigation." *Weinberger v. Kendrick*, 698 F.2d 61, 73 (2d Cir. 1982), cert. denied 464 U.S. 818 (1983) (quoting *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25 (1968)).  Therefore, many courts recognize that the opinion of experienced counsel supporting the settlement is entitled to considerable weight. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988); *Reed v. General Motors Corp.*, 703 F.2d 170, 175 (5th Cir. 1983); *Weinberger*, 698 F.2d at 74; *Armstrong v. Board of School Directors*, 616 F.2d 305, 325 (7th Cir. 1980); *Fisher Bros. v. Cambridge-Lee Indus., Inc.*, 630 F. Supp. 482, 489 (E.D. Pa. 1985).  For example, in *Lyons v. Marrud, Inc.*, [1972-1973 Transfer Binder] Fed. Sec. L. Rep. (CCH) Paragraph 93,525 (S.D.N.Y. 1972), the court noted that "[e]xperienced and competent counsel have assessed these problems and the probability of success on the merits.  They have concluded that compromise is well-advised and necessary.  The

parties' decision regarding the respective merits of their position has an important bearing on this case." *Id.* at ¶ 92,520.

## B. Factors To Be Considered In Granting Preliminary Approval

A number of factors are to be considered in evaluating a settlement for purposes of preliminary approval. No one factor should be determinative, but rather all factors should be considered. These criteria have been summarized as follows:

"If the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2011), citing *Manual of Complex Litigation*, Second §30.44. Here, the settlement meets all of these criteria.

### 1. The Settlement is the Product of Serious, Informed and Noncollusive Negotiations

This settlement is the result of extensive and hard fought negotiations. Defendant denies each and every one of the claims and contentions alleged in this Action. Defendant has asserted and continues to assert many defenses thereto, and has expressly denied and continues to deny any wrongdoing or legal liability arising out of the conduct alleged in the Action. Nonetheless, Defendant has concluded that this Action be settled in the manner and upon the terms and conditions set forth in the Agreement in order to avoid the expense, inconvenience, and burden of further legal proceedings, and the uncertainties of trial and appeals. Defendant has decided to put to rest the alleged claims of the Class.

Settlement negotiations took place between experienced counsel. Counsel for the Parties, after formal mediation and settlement negotiations, reached an agreement based on a mediator's proposal, the experience of counsel and the uncertainties of protracted litigation. Most importantly, Plaintiff and Class Counsel believe that this settlement is

1  fair, reasonable and adequate.

2      Class Counsel has conducted a thorough investigation into the facts of the class

3  action, including a review of relevant documents and data and a diligent investigation

4  of the Class Members' claims against Defendant. Class Counsel also retained an expert

5  to prepare a damage valuation in advance of mediation. Based on the foregoing

6  documents and data, and their own independent investigation and evaluation, Class

7  Counsel is of the opinion that the settlement with Defendant for the consideration and

8  on the terms set forth in the Agreement is fair, reasonable, and adequate in light of all

9  known facts and circumstances, including the risk of significant delay, defenses asserted

10 by Defendant, and numerous potential appellate issues. The parties and their counsel

11 recognize that, in the absence of an approved settlement, they would face a protracted

12 litigation course, including a contested motion for certification, motions for summary

13 judgment, and trial and appellate proceedings that would consume time and resources

14 and present each of them with ongoing litigation risks and uncertainties. Decl.

15 Nordrehaug, ¶18.

16     Plaintiff and Class Counsel recognize the expense and length of continuing to

17 litigate and trying this Action against Defendant through possible appeals which could

18 take several years. Class Counsel has also taken into account the uncertain outcome and

19 risk of litigation, especially in complex actions such as this litigation. Class Counsel is

20 also mindful of and recognize the inherent problems of proof under, and alleged defenses

21 to, the claims asserted in the Action. Based upon their evaluation, Plaintiff and Class

22 Counsel have determined that the settlement set forth in the Agreement is in the best

23 interest of the Class Members. Decl. Nordrehaug, ¶19.

24     Here, the negotiations have been hard-fought and aggressive with capable

25 advocacy on both sides. Decl. Nordrehaug, ¶19. Accordingly, "[t]here is likewise every

26 reason to conclude that settlement negotiations were vigorously conducted at arms'

27 length and without any suggestion of undue influence." *In re Wash. Public Power*

28 *Supply System Sec. Litig.*, 720 F. Supp. 1379, 1392 (D. Ariz. 1989).

### 2. The Settlement Has No "Obvious Deficiencies" and Falls Within the Range for Approval

The proposed Settlement herein has no "obvious deficiencies" and is well within the range of possible approval. All Class Members will receive an opportunity to participate in and receive payment according to the same formula.

In advance of negotiations, Class Counsel received class data concerning employment and payroll information, which permitted Class Counsel to make an intelligent evaluation. Decl. Nordrehaug at ¶20. For the individuals whose claims are at issue in this Action, Plaintiff reviewed the data and used information provided by Defendant to determine the potential damage valuation. With the assistance of a damage expert, DM&A, Plaintiff calculated the alleged damages they believed they would receive if they prevailed. Decl. Nordrehaug, ¶20.

Plaintiff's expert calculated that the resulting damages for the miscalculation of overtime was $15,921, the potential waiting time penalties were $336,438, and the potential wage statement penalties were $205,000. The settlement for the Class, before deductions, represents 78% of these calculated damages estimated by the Plaintiff, assuming these amounts could be proven in full at trial. This settlement amount is certainly fair and reasonable given the defenses asserted by Defendant. Decl. Nordrehaug, ¶20.

In *Glass v. UBS Fin. Servs.*, 2007 U.S. Dist. LEXIS 8476 (N.D. Cal. January 27, 2007) the federal district court for the Northern District of California recently approved a settlement of an action claiming unpaid overtime wages where the settlement amount constituted approximately 25% of the estimated overtime damages the class. In *Stovall-Gusman v. W.W. Granger, Inc.*, 2015 U.S. Dist. LEXIS 78671, at *12 (N.D. Cal. 2015), the District Court granted final approval where "the proposed Total Settlement Amount represents approximately 10% of what class might have been awarded had they succeeded at trial." In *Dunleavy v. Nadler (In re Mego Fin. Corp. Sec. Litig.)*, 213 F.3d 454, 459 (9th Cir. 2000), the Court of Appeals affirmed the approval of a class

1   settlement which represented "roughly one-sixth of the potential recovery". Here the

2   settlement consideration similarly constitutes a reasonable percentage of the estimated

3   actual damages for the Class.

4        Where both sides face significant uncertainty, the attendant risks favor settlement.

5   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). "Generally, unless the

6   settlement is clearly inadequate, its acceptance and approval are preferable to lengthy

7   and expensive litigation with uncertain results." *Ching v. Siemens Indus., Inc.*, 2014 U.S.

8   Dist. LEXIS 89002, 2014 WL 2926210, at *4 (N.D. Cal. 2014).

9        Here, a number of defenses asserted by Defendants presented serious threats to the

10   claims of Plaintiff and the other Class Members. Defendant contends that Defendant's

11   employment practices complied with all applicable Labor laws. For example, Defendant

12   contended that employee compensation was properly included in the overtime

13   calculation. Defendant could also argue that any failure to pay overtime would not give

14   rise to derivative wage statement penalties under *Maldonado v. Epsilon Plastics*, Inc.,

15   22 Cal. App. 5th 1308, 1336-1337 (2018). Defendant could also argue that they acted

16   in good faith and without willfulness, which if accepted would negate the claims for

17   waiting time penalties and wage statement penalties. If successful, Defendant's defenses

18   could eliminate or substantially reduce any recovery to the Class. While Plaintiffs

19   believe that these defenses could be overcome, Defendant maintains these defenses have

20   merit and therefore present a serious risk to recovery.   Decl. Nordrehaug at ¶21.

21        Moreover, there was also a significant risk that, if the Action was not settled,

22   Plaintiff would be unable to obtain class certification and maintain a certified class

23   through trial, and thereby not recover on behalf of any employees other than themselves.

24   At the time of the mediation, Defendant forcefully opposed the propriety of class

25   certification, arguing that individual issues precluded class certification. Defendant

26   could also contest class certification by arguing injury and good faith were case by case

27   determinations that precluded class certification. Plaintiff is aware of cases where class

28   certification of similar claims was denied. See e.g. *Ferguson v. Randy's Trucking, Inc.*,

2016 U.S. Dist. LEXIS 32719 (E.D. Cal. 2016); *Santos v. TWC Admin. LLC*, 2014 U.S. Dist. LEXIS 199358 (C.D. Cal. 2014). While other cases have approved class certification in wage and hour claims, class certification in this action would have been hotly disputed and was by no means a foregone conclusion. Decl. Nordrehaug at ¶22.

After vigorous negotiations, the Parties agreed to the Settlement of $435,000. Recognizing the potential risks, both sides agreed. As the federal court recently held in *Glass*, where the parties faced uncertainties similar to those here:

> In light of the above-referenced uncertainty in the law, the risk, expense, complexity, and likely duration of further litigation likewise favors the settlement. Regardless of how this Court might have ruled on the merits of the legal issues, the losing party likely would have appealed, and the parties would have faced the expense and uncertainty of litigating an appeal. "The expense and possible duration of the litigation should be considered in evaluating the reasonableness of [a] settlement." See *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 458 (9th Cir. 2000).

Here, the risk of further litigation is substantial.

### 3.    The Settlement Does Not Improperly Grant Preferential Treatment To The Class Representative or Segments Of The Class

The relief provided in the settlement will benefit all Class Members equally. The settlement does not improperly grant preferential treatment to the Class Representative or any individual segments of the Class. Each Class Member will be entitled to cash payment based on the plan of allocation. Each Participating Class Member's Settlement Share will be determined based upon the weeks worked by that individual. Decl. Nordrehaug at ¶5.

In addition, the Plaintiff will apply to the trial court for a service award of $10,000. (Agreement at ¶ III(B)(1).) At this stage, the requested service award is well within the accepted range of awards for purposes of preliminary approval. See e.g. *Mathein v. Pier 1 Imps. (U.S.), Inc.*, 2018 U.S. Dist. LEXIS 71386 (E.D. Cal. 2018) (awarding $12,500 where average class member payment was $351); *Holman v. Experian Info. Solutions, Inc.*, 2014 U.S. Dist. LEXIS 173698 (N.D. Cal. 2014) (approving $10,000 service award where class member recovery was $375); *Rausch v.*

1   *Hartford Fin. Servs. Grp.*, 2007 U.S. Dist. LEXIS 14740, 2007 WL 671334 (D. Or.

2   2007) (approving award  of $10,000 where class member recoveries were as little as

3   $150); *Louie v. Kaiser Foundation Health Plan, Inc.*, 2008 WL 4473183, *7  (S.D.Cal.

4   Oct. 06, 2008) (awarding $25,000 service award to each of six plaintiffs in overtime

5   class action); *Glass v. UBS Fin. Servs.*, 2007 WL 221862, *16-17  (N.D.Cal. Jan. 27

6   2007) (awarding $25,000 service award in overtime class action and a pool of

7   $100,000.00 in enhancements ).  As detailed in the Declaration of Nordrehaug at ¶29,

8   Courts across California have awarded service awards in the amount of $10,000 or

9   higher, thus establishing that the requested service awards in this case are within the

10   range of reasonableness, subject to a final determination by this Court at final approval.

11   The payment of service award in this amount to the named plaintiff in a wage and hour

12   class action is approved by settled authority, and the requested service award in the

13   amount of $10,000 is within the range if reasonableness in light of the amount approved

14   in *Glass* and other decisions.

15

16   **4.    The Stage Of The Proceedings Is Sufficiently Advanced To Permit Preliminary Approval Of The Settlement**

17   The stage of the proceedings at which this settlement was reached also militates

18   in favor of preliminary approval and ultimately, final approval of the settlement.  Class

19   Counsel has conducted a thorough investigation into the facts of the class action.  Class

20   Counsel began investigating the Class Members' claims before this Action was filed. In

21   advance of mediation, Defendant provided the information necessary for Class Counsel

22   to intelligently negotiate a settlement.  Decl. Nordrehaug at ¶23.

23   Class Counsel obtained production of employment and payroll information. Class

24   Counsel engaged in an extensive review and analysis of the relevant documents and data.

25   Class Counsel also examined the applicable law governing these claims and the alleged

26   defenses.   Accordingly, the agreement to settle did not occur until Class Counsel

27   possessed sufficient information to make an informed judgment regarding the likelihood

28   of success on the merits and the results that could be obtained through further litigation.

1    Decl. Nordrehaug at ¶23.

2        Based on the foregoing information and data and their own independent

3    investigation and evaluation, Class Counsel is of the opinion that the settlement with

4    Defendant for the consideration and on the terms set forth in the Agreement is fair,

5    reasonable, and adequate, and is in the best interest of the class in light of all known facts

6    and circumstances, including the risk of significant delay, defenses asserted by

7    Defendant, and numerous potential appellate issues. There can be no doubt that Counsel

8    for both parties possessed sufficient information to make an informed judgment

9    regarding the likelihood of success on the merits and the results that could be obtained

10   through further litigation. Decl. Nordrehaug at ¶24.

11       In *Glass*, the Northern District of California recently granted final approval of an

12   overtime and meal wage action although in <u>Glass</u> no formal discovery had been

13   conducted prior to the settlement:

14       Here, no formal discovery took place prior to settlement. As the Ninth
         Circuit has observed, however, "[i]n the context of class action settlements,
15       'formal discovery is not a necessary ticket to the bargaining table' where the
         parties have sufficient information to make an informed decision about
16       settlement." See *In re Mego Financial Corp. Securities Litigation*, 213 F.3d
         at 459.
17
     2007 U.S. Dist. LEXIS 8476 at *14.
18
19       Here, Class Counsel was in at least as good of a position to evaluate the fairness

20   of this settlement as in *Glass* because they conducted informal discovery, as well as

21   formal discovery, independent investigations, interviews and due diligence to confirm

22   the accuracy of the information supplied by Defendant.

23
24   **VI.   THE CLASS IS PROPERLY CERTIFIED FOR SETTLEMENT
              PURPOSES**

25       The proposed settlement meets all of the requirements for certifying a settlement

26   class under Fed. R. Civ. Proc. 23(b)(3) as demonstrated below, and therefore, the Court

27   may appropriately approve the Class as defined in the Agreement. This Court should

28   conditionally certify the Class for settlement purposes defined as "all individuals who

worked for Defendant as bus drivers at Defendant's San Francisco location in California at any time from July 6, 2013 to June 15, 2018 ("Class Period")."  (Agreement at ¶ I(B).)

### A.    Rule 23 Of The Federal Rules Of Civil Procedure

Plaintiff seeks certification of this action for settlement purposes under Federal Rules of Civil Procedure 23(b)(3).  This portion of Rule 23 applies to class actions where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  Fed. R. Civ. Proc. 23(b)(3).

To maintain a class action under Rule 23(b)(3), the four prerequisites of Federal Rules of Civil Procedure 23(a) must first be satisfied.  These prerequisites are referred to as numerosity, commonality, typicality, and adequacy of representation, and are set forth in Rule 23(a) as follows:

(1)    the class is so numerous that joinder of all members is impracticable,
(2)    there are questions of law or fact common to the class,
(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
(4)    the representative parties will fairly and adequately protect the interests of the class.

The Parties agree that, for purposes of settlement only, these requirements may be satisfied in this case, and therefore, the proposed Class should be certified for purposes of settlement only.

### B.    The Numerosity Requirement Is Satisfied

Rule 23(a) merely requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. Proc. 23(a).  "Courts have routinely found the numerosity requirement satisfied when the class comprises 40 or more members." *EEOC v. Kovacevich "5" Farms*, 2007 U.S. Dist. LEXIS 32330 at *57 (E.D.Cal. April 18, 2007); see also *Slaven v. BP Am., Inc.*, 190 F.R.D. 649, 654 (C.D. Cal. 2000); *Ansari v. New York Univ.*, 179 F.R.D. 112, 114 (S.D.N.Y. 1998).

Here, the Class is composed of approximately 350 current and former employees,

1  which is sufficiently numerous for settlement purposes.  Decl. Nordrehaug at ¶25.

2  ### C.    Common Questions Of Law And Fact Bind The Class

3  Rule 23(a) requires that there be a common question of law or fact.  Rule 23(a) is

4  satisfied where "the course or conduct giving rise to the cause of action affects all class

5  members, and at least one of the elements of that cause of action is shared by all of the

6  class members." *Lockwood Motors, Inc. v. General Motors Corp.*, 162 F.R.D. 569, 575

7  (D. Minn. 1995).  This requirement is met if common questions of liability are present,

8  even if there may be individual variations.  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

9  1019 (9th Cir. 1998); *Kurihara v. Best Buy Co.*, 2007 U.S. Dist. LEXIS 64224, *17

10  (N.D. Cal. 2007).

11  Here, Plaintiffs contend that common questions of law and fact are present, and

12  specifically the common questions of whether Defendant's employment practices were

13  lawful, whether Defendant miscalculated the regular rate when paying overtime, whether

14  Defendant's conduct was willful, and whether the Class is entitled to compensation and

15  related penalties.  Certification of this Class is appropriate because Defendant engaged

16  in uniform practices with respect to the Class Members.   As a result, these common

17  questions of liability could be answered on a class wide basis.  Decl. Nordrehaug at ¶25.

18  ### D.    The Plaintiff's Claims Are Typical Of The Class Claims

19  The typicality requirement of Rule 23(a) requires that the members of the class

20  have the same or similar claims as the named plaintiff.  "The typicality requirement is

21  met when the claims of the named plaintiff arise from the same event or are based on the

22  same legal theories." *Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 608 (8th Cir. 1983).  In

23  *Hanlon v. Chrysler Co.*, 150 F.3d 1011 (9th Cir. 1998), the Ninth Circuit held that

24  "[u]nder the rule's permissive standards, representative claims are 'typical' if they are

25  reasonably coextensive with those of absent class members; they need not be

26  substantially identical." 150 F.3d at 1020.  Typicality "does not mean that the claims of

27  the class representative[s] must be identical or substantially identical to those of the

28  absent class members." *Stanton, supra*, at 957.

1    In the instant case, there can be little doubt that the typicality requirement is fully

2    satisfied.  Plaintiff was employed as a bus driver at Defendant's San Francisco location

3    and, like every other member of the California Class, was subject to the same

4    employment practices concerning the regular rate calculation.  Plaintiff, like every other

5    member of the Class, also claims compensation as a result of the Defendant's uniform

6    policies and practices.  Thus, the claims of both Plaintiff and the members of the Class

7    arise from the same course of conduct by Defendant, involve the same issues, and are

8    based on the same legal theories.  Decl. Nordrehaug at ¶ 25.  The typicality requirement

9    of Rule 23 is met as to the common issues presented in this case.  While Defendant

10   disputes that Plaintiff have typical claims, Defendant does not oppose a finding of

11   typicality for purposes of this Settlement only.

12   **E.    The Class Representative Fairly And Adequately Protected The**

13   **Interests Of The Class**

14   Plaintiff provided adequate representation of the interests of the class in that: (a)

15   their attorneys are competent, experienced in class litigation and generally able to

16   conduct the proposed litigation; and (b) the Class Representative does not have interests

17   antagonistic to those of the class.  *White v. Local 942*, 688 F.2d 85 (9th Cir. 1982).

18   Simply put, Rule 23 asks whether the Class Representative will vigorously prosecute the

19   action on behalf of the class and has a basic understanding of the claims.  This

20   requirement has been met here.  First, Plaintiff is well aware of his duties as the

21   representative of the Class and has actively participated in the prosecution of this case

22   to date.  Plaintiff effectively communicated with Class Counsel, providing documents

23   to Class Counsel and participating extensively in the investigation of the action.  The

24   personal involvement of the Plaintiff was essential to the prosecution of the action and

25   the monetary settlement reached.  Decl. Nordrehaug at ¶25.  Second, Plaintiff retained

26   competent counsel with extensive experience in class actions.  Class Counsel has

27   extensive experience in class action litigation in California and throughout the country.

28   Class Counsel has been involved as class counsel in more than two hundred (200) class

1    action matters, including many wage and hour class actions.  See Decl. Nordrehaug at

2    ¶26 and Exhibit 2.  Third, there is no antagonism between the interests of Plaintiff and

3    those of the Class.  Both Plaintiff and the Class Members seek monetary relief under the

4    same set of facts and legal theories.  Under such circumstances, there can be no conflicts

5    of interest, and adequacy of representation is presumed.  See *Tourgeman v. Collins Fin.*

6    *Servs.*, 2011 U.S. Dist. LEXIS 122422 (S.D. Cal. 2011), citing *Californians for*

7    *Disability Rights, Inc. v. Cal. Dep't of Transp.*, 249 F.R.D. 334, 349 (N.D. Cal. 2008).

8    While Defendant disputes that Plaintiff is adequate, Defendant does not oppose a finding

9    that Plaintiffs are adequate to represent the Class for settlement purposes only.

10           **F.    The Additional Requirements Of Rule 23 Are Satisfied**

11           Since the requirements of Rule 23(a) have been satisfied, the Court now looks to

12    Rule 23(b)(3) in order to determine whether a class should be maintained under one of

13    the listed categories.  Under Rule 23(b)(3), a class action may be maintained if two basic

14    conditions are met.  First, common questions must predominate over individual issues,

15    and second, the class action must be superior to available other methods for the fair and

16    efficient adjudication of the controversy.

17                  **1.    The Predominance Requirement Is Met**

18           Rule 23(b)(3) provides that a class may be maintained if "the court finds that the

19    questions of law and fact common to the members of the class predominate over any

20    questions affecting only individual members."

21           Here, Plaintiff contends that the adjudication of the common issues surrounding

22    Defendant's uniform and systematic employment policies applicable to bus driver

23    employees could establish Defendant's liability on a class-wide basis.  Plaintiff contend

24    that Defendant engaged in a uniform course of failing to properly pay for overtime,

25    which resulted in a systematic failure to provide compensation as required by California

26    law and that Defendant's policies with respect to these issues are uniform.  The only

27    question is whether Defendant's conduct supports a meritorious claim for liability.

28

1  Accordingly, Plaintiff maintains that the common issues of law and fact present in this

2  case predominate. Decl. Nordrehaug at ¶ 25. While Defendant disputes that the

3  predominance requirement may be satisfied for purposes of a litigation class, Defendant

4  does not oppose such a finding for purposes of this Settlement only.

5              **2.    The Superiority Requirement Is Met**

6          To certify a class, the Court must also determine "that a class action is superior to

7  other available methods for the fair and efficient adjudication of the controversy." Fed.

8  R. Civ. Proc. 23(b)(3). "Where classwide litigation of common issues will reduce

9  litigation costs and promote greater efficiency, a class action may be superior to other

10 methods of litigation." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir.

11 1996).

12         Here, a class action is the superior mechanism for the settlement of the claims as

13 pled by Plaintiff. While Defendant disputes that the superiority requirement may be

14 satisfied, Defendant does not oppose such a finding for purposes of this Settlement only.

15

16 **VII.   THE PROPOSED METHOD OF CLASS NOTICE IS APPROPRIATE**

17         The Parties have agreed upon procedures by which the Class will be provided with

18 written notice of the Settlement similar to that approved and utilized in hundreds of class

19 action settlements. The Parties have jointly drafted a Class Notice, attached to the

20 Agreement as <u>Exhibit A</u> and is hereby submitted for approval.

21         The Class Notice, drafted jointly and agreed upon by the Parties through their

22 respective counsel, includes information regarding the nature of the Action; a summary

23 of the substance of the Settlement, including Defendant's denial of liability; the

24 definition of the Class; the procedure and time period for objecting to the Settlement,

25 exclusion from the Settlement and participating in the Settlement; a statement that the

26 District Court has preliminarily approved the Settlement; and information regarding the

27 calculation of settlement shares. See <u>Exhibit A</u> to the Agreement.

28

1    The Class Notice explains that Class Members who wish to participate in the

2 settlement do not have to anything to claim their share of the Settlement. The Class

3 Notice shall also provide that any Class Member may choose to opt out of the Class, and

4 that any such person who chooses to opt out of the Class will not be entitled to any

5 recovery obtained by way of the settlement and will not be bound by the settlement. The

6 Class Notice will also provide that all written objections to the Settlement by members

7 of the Class, must be submitted to the Court no later than forty-five (45) days from the

8 mailing of the Notice. All objections must state with particularity the basis on which

9 they are asserted. In accordance with *Mercury Interactive Corp. Secs. Litig. v. Mercury*

10 *Interactive Corp.*, 618 F.3d 988 (9th Cir 2010), the application for attorneys' fees and

11 costs will be filed before the end of the objection period and posted on a website as

12 indicated in the Class Notice. Thus, all Class Members will have ample opportunity to

13 review and comment on the attorneys' fees and costs before the deadline for written

14 objections. The attorneys' fees and costs will be heard in conjunction with the motion

15 for final approval on the Final Approval Hearing date. Decl. Nordrehaug at ¶27.

16    The Class Notice also informs members of the Class about the release applicable

17  to the Class. This notice program was designed to meaningfully reach the largest

18 possible number of potential Class Members. The mailing and distribution of the Class

19 Notice satisfies the requirements of due process, and is the best notice practicable under

20 the circumstances and constitutes due and sufficient notice to all persons entitled thereto.

21 Decl. Nordrehaug at ¶28.

22    This notice satisfies the content requirements for notice following the exemplar

23 class notice in the *Manual for Complex Litigation*, Second §41.43. This notice also

24 fulfills the requirement that Class notices be neutral. *Newberg*, at §8.39.

25

26 **VIII.    CONCLUSION**

27    Counsel for the Parties have committed substantial amounts of time, energy, and

28 resources litigating and ultimately settling this case. In the judgment of Plaintiff and

1  Class Counsel, the proposed settlement is a fair and reasonable compromise of the issues

2  in dispute in light of the strengths and weaknesses of each party's case.  After weighing

3  the certain and immediate benefits of these settlements against the uncertainty of trial,

4  and appeal, Plaintiff believes the proposed settlement is fair, reasonable and adequate,

5  and warrants this Court's preliminary approval.  Accordingly, Plaintiff respectfully

6  requests that the Court preliminarily approve the proposed settlement, enter the proposed

7  Preliminary Approval Order submitted herewith, and schedule a Final Approval Hearing

8  that is 120 days from the date of the Preliminary Approval Order.

Dated: December 4, 2018          BLUMENTHAL NORDREHAUG BHOWMIK
                                 DE BLOUW LLP
                                 By:____/s/ Kyle Nordrehaug_____
                                      Norman B. Blumenthal
                                      Kyle R. Nordrehaug
                                      Attorneys for Plaintiffs

K:\D\Dropbox\Pending Litigation\First Student - Vikram\Preliminary Approval\p- motion for prelim app - FINAL.wpd