UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHANU VIKRAM,<br>　　　　Plaintiff,<br>　　v.<br>FIRST STUDENT MANAGEMENT, LLC,<br>　　　　Defendant. | Case No. 17-cv-04656-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING RE PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL**<br><br>Re: Dkt. No. 47 |

The Court has reviewed Plaintiffs' motion for preliminary approval, and hereby orders the parties to provide a joint supplemental brief regarding the following issues. The supplemental briefing should be filed no later than **January 7, 2019**.

A.　**Attorney's Fees**

Plaintiff's counsel intends to seek an award of 25% of the Gross Settlement Fund ($108,750) as the Fee Award, plus reimbursement of reasonable and actual expenses, not to exceed $10,000, as the Expense Award. (Settlement Agreement ¶ III.B.2, Dkt. No. 47-1.) To assess the fee request, even for purposes of preliminary approval, the Court requires information as to the lodestar claimed, *i.e.*, the number of hours incurred in the case and the hourly rates claimed.

B.　**Range of Reasonableness**

At the preliminary approval stage, courts in this district "have stated that the relevant inquiry is whether the settlement falls within the range of possible approval or within the range of reasonableness." *Cotter v. Lyft*, 176 F. Supp. 3d 930, 935 (N.D. Cal. 2016) (internal quotation omitted). "In determining whether the proposed settlement falls within the range of reasonableness, perhaps the most important factor to consider is plaintiff's expected recovery balanced against the value of the settlement offer." *Id.*; *see also O'Connor v. Uber Techs., Inc.*,

201 F. Supp. 3d 1110, 1120-21 (N.D. Cal. 2016). This determination "requires evaluating the relative strengths and weaknesses of the plaintiffs' case; it may be reasonable to settle a weak claim for relatively little, while it is not reasonable to settle a strong claim for the same amount." *Cotter*, 176 F. Supp. at 936 (citing *In re High-Tech Emp. Antitrust Litig.*, Case No: 11-cv-2509-LHK, 2014 WL 3917126, at *4 (N.D. Cal. Aug. 8, 2014). Furthermore, the Ninth Circuit has recognized that where no class has been formally certified, "there is an even greater potential for a breach of fiduciary duty owed the class during settlement. Accordingly, such agreements must withstand an even higher level of scrutiny for evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before securing the court's approval as fair." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011). Signs of collusion that the Court must consider include: (1) whether counsel receives a disproportionate distribution of the settlement, (2) where the parties negotiate a "clear sailing" provision for payment of attorneys' fees separate and apart from class funds; and (3) when the parties arrange for fees not awarded to revert to the defendants. *Id.*

In the instant case, Plaintiffs bring employment misclassification claims, including claims for unpaid minimum wage and overtime wages in violation of California labor law and the Fair Labor Standards Act ("FLSA"), as well as for failure to provide accurate itemized wage statements and waiting time penalties. (Plf.'s Mot. at 3, Dkt. No. 47.) Plaintiffs also bring a California Private Attorneys General Act ("PAGA") claim. (*Id.*) The proposed settlement is for $435,000; once the attorney's fees ($108,750), costs ($10,000), incentive award ($10,000), class administrative costs ($10,000), and PAGA penalty ($7,500) are excluded, the net settlement fund is estimated to be $288,750. (Settlement Agreement ¶¶ III.A-B.)

Plaintiff states that the settlement represents 78% of the damages estimated by Plaintiff, which consists of $15,921 in miscalculation of overtime, $336,438 in waiting time penalties, and $205,000 in waiting time penalties. The Court requires additional briefing on how these damages were calculated, to determine their reasonableness. Additionally, Plaintiff shall explain whether there are other claims at issue being released and their estimated value, including the PAGA claim.

The Court also finds that Plaintiff has not adequately explained why the proposed discount

2

is warranted in this case. For example, Plaintiff raises arguments that Defendant could raise, including on class certification, but provides no analysis of why cases such as *Ferguson v. Randy's Trucking, Inc.*, Case No. 1:15-cv-697-JLT, 2016 U.S. Dist. LEXIS 32719 (E.D. Cal. Mar. 11, 2016) and *Santos v. TWC Admin. LLC*, Case No. CV 13-4799-MMM (CWx), 2014 U.S. Dist. LEXIS 199358 (C.D. Cal. Aug. 4, 2014) are comparable. (*See* Plf.'s Mot. at 12-13.) Plaintiff must fully explain the risks of non-certification and losing on the merits for each of their claims, citing to specific case law and facts, and why these risks warrant the proposed discount.

### C. PAGA Claim

The Court requires that Plaintiff address whether he submitted a copy of the settlement to the Labor and Workforce Development Agency ("LWDA"), and whether he has received any comments from the LWDA. *See* Cal. Labor Code § 2699(l)(2) ("The proposed settlement shall be submitted to the agency at the same time that it is submitted to the court"); *see also Private Attorney Generals Act (PAGA)*, CALIFORNIA LABOR & WORKFORCE DEVELOPMENT AGENCY, http://www.labor.ca.gov/Private_Attorneys_General_Act.htm (last visited Dec. 17, 2018). If the LWDA has provided any comments, the comments should be attached as an exhibit to the supplemental brief.

### D. Class Representative Service Payment

The Settlement proposes a service payment of $10,000 to Plaintiff. (Settlement Agreement ¶ III.B.1.) "It is well-established in this circuit that named plaintiffs in a class action are eligible for reasonable incentive payments, also known as service awards." *Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2012 WL 381202, at *6 (N.D. Cal. Feb. 6, 2012) (internal quotation omitted). "Several courts in this District have indicated that incentive payments of $10,000 or $25,000 are quite high and/or that, as a general matter, $5,000 is a reasonable amount." *Id.* at *7. Plaintiff must explain the amount of time and work he put into the case, and why the work performed warrants the requested service payment when this district has typically considered $5,000 to be the benchmark amount, especially in light of the discounted settlement amount.

### E. Class Action Fairness Act ("CAFA") Notice

CAFA requires that notice of a settlement be given to the appropriate government officials.

28 U.S.C. § 1715(b). The parties should address whether CAFA notice is required and if so, when it will be given.

### F. Procedures for Objecting to the Settlement

The Settlement requires that objections be submitted to the Settlement Administrator. (Settlement Agreement ¶ III.E.3.) The Procedural Guidance for Class Action Settlements, adopted by this district on November 1, 2018, requires that the notice instruct class members who wish to object to the settlement to send their written objections to the Court. United States District Court, Northern District of California, Procedural Guidance for Class Action Settlements, *available at* https://www.cand.uscourts.gov/ClassActionSettlementGuidance (last visited Dec. 17, 2018). The Court will then scan the objections into the electronic case docket, and the parties will receive electronic notices of the filing. The parties shall refer to the Procedural Guidance for recommended language on the procedures for objecting to the settlement.

### G. Class Notice (Exhibit A of Settlement Agreement)

#### i. What are the Terms of the Settlement? (Page 2)

The Notice states that the Settlement Administration Expenses are "estimated not to exceed $10,000, for expenses . . . ." The Settlement Agreement states that the expenses will not exceed $10,000. (Settlement Agreement ¶ III.B.4.) The Notice should remove the word "estimated."

#### ii. What Do I Release Under the Settlement? (Pages 3-4)

This section lists claims that will be released, including facts on the instant case. This section repeatedly refers to "lift pay," but does not explain what "lift pay" is. The Notice should explain "lift pay" so that class members understand what practices are at issue in this case.

#### iii. How Do I Tell the Court that I Don't Like the Settlement? (Page 5)

As discussed above, the objection procedure should be updated to be consistent with the Procedural Guidance for Class Action Settlements.

#### iv. When and Where Will the Court Decide Whether to Approve the Settlement? (Page 6)

The Notice states that the Final Approval hearing will be held in Courtroom 4. As the Courtroom assignment is not guaranteed, the parties should remove this information from the

4

Notice. This section should also advise class members to check the settlement website or the Court's PACER site to confirm the date and location of the Final Approval hearing.

IT IS SO ORDERED.

Dated: December 20, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge