UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHANU VIKRAM,<br>　　　　Plaintiff,<br>　　v.<br>FIRST STUDENT MANAGEMENT, LLC,<br>　　　　Defendant. | Case No. 17-cv-04656-KAW<br><br>**ORDER REGARDING MOTION FOR PRELIMINARY APPROVAL**<br>Re: Dkt. No. 47 |

On December 4, 2018, Plaintiff Bhanu Vikram filed a motion for preliminary approval of a class settlement. (Dkt. No. 47.) The only claim being settled involves "Comm" payments, or the "bonus paid to drivers required to lift assist [sic] handicapped children." (Dkt. No. 52 at 2, 7.) Because the operative complaint contained no facts related to "Comm" payments, lift payments, or bonuses in assisting handicapped children, the Court required supplemental briefing regarding how the Court could approve a settlement of claims not alleged in the operative complaint. (Dkt. No. 53 at 1-2.)

On January 31, 2019, Plaintiff filed a supplemental brief, explaining that the "Comm" and lift payments were the incentive compensation generally alleged in the complaint. (Dkt. No. 54 at 1.) Per the complaint, this incentive compensation was paid when employees met various performance goals set by Defendant. (FAC ¶ 9, Dkt. No. 37.) The operative complaint, however, contains no specific facts about the incentive compensation, such that there was notice that the "Comm" and lift payments at issue are a type of incentive compensation.

Accordingly, the Court ORDERS Plaintiff to file an amended complaint, which shall contain facts specific to the claims being settled, including the "Comm" and lift payments. The amended complaint shall **not** remove allegations or claims that are not being settled, as Rule 23(e)

"requires courts to approve the proposed voluntary dismissal of class claims," even when prior to class certification. *Gonzalez v. Fallanghina, LLC*, Case No. 16-cv-1832-MEJ, 2017 WL 1374582, at *4 (N.D. Cal. Apr. 17, 2017); *Lyons v. Bank of Am., N.A.*, Case No. 11-cv-1232-CW, 2012 WL 5940846, at *1 n.1 ("Courts in this district have expressed some uncertainty about whether Rule 23(e) still applies to pre-certification settlement proposals in the wake of the 2003 amendments to the rule but have generally assumed that it does"). Removing the claims not being settled would be akin to dismissing the claims, which requires court approval.[1]

Plaintiff's amended complaint shall be filed within two weeks of the date of this order. The hearing on the motion for preliminary approval is CONTINUED to March 7, 2019 at 1:30 p.m.

IT IS SO ORDERED.

Dated: February 5, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] At the preliminary approval hearing, the parties must be prepared to address whether there would be possible prejudice from voluntary dismissal of the class claims. *See Diaz v. Tr. Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (requiring that the courts consider three factors in determining whether there is prejudice).

2