**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHANU VIKRAM, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>FIRST STUDENT MANAGEMENT, LLC, a Limited Liability Company;<br><br><br>                Defendant. | Case No. 4:17-cv-04656-KAW<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br><br>2.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br><br>3.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>4.  FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203; and,<br><br>5.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq.*].<br><br>**DEMAND FOR A JURY TRIAL** |

1

SECOND AMENDED  CLASS ACTION COMPLAINT

Case No. **4:17-cv-04656-KAW**

Plaintiff Bhanu Vikram ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      Defendant First Student Management, LLC ("DEFENDANT") is a limited liability company that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout the State of California.

2.      DEFENDANT is a school bus operator that provides student transportation services for schools and districts in the United States and Canada. DEFENDANT offers contracted services, including fleet maintenance and educational programs to students and managed services that enable customers to continue to own their school bus fleet and facilities, and manage day-to-day operations, including routing, dispatch, scheduling, maintenance, and more.

3.      PLAINTIFF was employed by DEFENDANT in California as a non-exempt employee entitled to overtime pay and rest periods from January of 2016 to December of 2016. PLAINTIFF was at all times relevant mentioned herein classified by DEFENDANT as a non-exempt employee paid in whole or in part on an hourly basis and received additional compensation from DEFENDANT in the form of non-discretionary incentive wages.

4.      PLAINTIFF brings this Class Action on behalf of himself and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California as bus drivers and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

5.      PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

1  CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

2  the CALIFORNIA CLASS PERIOD caused by DEFENDANT's uniform policy and practice.

3  DEFENDANT's uniform policy and practice alleged herein was an unlawful, unfair and

4  deceptive business practice whereby DEFENDANT retained and continues to retain wages due

5  PLAINTIFF and the other members of the CALIFORNIA CLASS.  PLAINTIFF and the other

6  members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by

7  DEFENDANT in the future, relief for the named PLAINTIFF and the other members of the

8  CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and

9  current unlawful conduct, and all other appropriate legal and equitable relief.

10

11                              **THE CONDUCT**

12          6.      During the CALIFORNIA CLASS PERIOD, DEFENDANT failed and continues

13  to fail to accurately calculate and pay PLAINTIFF and the other members of the CALIFORNIA

14  CLASS for their time worked.  DEFENDANT systematically, unlawfully and unilaterally failed

15  to accurately calculate minimum wages for all time worked by PLAINTIFF and other members

16  of the CALIFORNIA CLASS in order to avoid paying these employees the correct

17  compensation.  As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS

18  forfeited wages due them for working without minimum wage compensation for all time

19  worked.

20          7.      Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is

21  required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked,

22  meaning the time during which an employee is subject to the control of an employer, including

23  all the time the employee is suffered or permitted to work.  DEFENDANT required PLAINTIFF

24  and CALIFORNIA CLASS Members to work off the clock without paying them for all the time

25  they were under DEFENDANT's control.  Specifically, PLAINTIFF and the CALIFORNIA

26  CLASS Members were instructed to appear at DEFENDANT's bus yard at a pre-designated

27  time, typically 6:00 a.m. for morning runs and 12:30 for afternoon runs.   At the time

28

1    PLAINTIFF and other CALIFORNIA CLASS Members arrived at the bus yard, these workers

2    stand in line to receive their route assignment for the workday.   After receiving their

3    assignments (route sheets) and retrieving their keys from DEFENDANT, PLAINTIFF and other

4    CALIFORNIA CLASS Members walk to their assigned bus.  Once in the bus, PLAINTIFF and

5    other CALIFORNIA CLASS Members log into DEFENDANT's time keeping system called

6    ZONAR with their employee badge or "wand."  It is at this time that PLAINTIFF and other

7    CALIFORNIA CLASS Members are "on the clock" and it is at this time these employees begin

8    receiving compensation.  It is mandatory that PLAINTIFF and other CALIFORNIA CLASS

9    Members arrive at DEFENDANT's bus yard at the pre-designated times to secure their work

10   assignment, conduct pre-trip inspections and retrieve the keys to the bus. PLAINTIFF estimates

11   that on average., the time between when he reports to work and the point in time he swipes into

12   DEFENDANT's timekeeping system, 5-10 minutes have elapsed.  As a result, PLAINTIFF and

13   other CALIFORNIA CLASS Members forfeited time worked by regularly working without

14   their time being accurately recorded and without minimum wage compensation at the applicable

15   rate.   DEFENDANT's uniform policy and practice not to pay PLAINTIFF and other

16   CALIFORNIA CLASS Members for all time worked, including overtime worked, is evidenced

17   by DEFENDANT's business records.

18       8.    In addition to the off-the-clock work, federal law provides that employees must

19   be paid overtime at one-and-one-half times their "regular rate of pay."  PLAINTIFF and other

20   CALIFORNIA CLASS Members were compensated at an hourly rate plus incentive pay that

21   was tied to specific elements of an employee's performance.

22       9.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

23   Members' compensation was DEFENDANT's non-discretionary incentive program that paid

24   PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

25   performance for DEFENDANT.  The non-discretionary incentive program provided all

26   employees paid on an hourly basis with incentive compensation when the employees met the

27   various performance goals set by DEFENDANT, including picking up handicapped children.

28

1   Specifically, PLAINTIFF and other CALIFORNIA CLASS Members who were required to use
2   lift assist with handicapped children were compensated by DEFENDANT with incentive pay
3   in the amount of $7.00 daily called lift pay or "comm." pay (hereinafter referred to as lift pay
4   and commission pay).  DEFENDANT unlawfully excluded from the overtime payments the
5   commission paid to PLAINTIFF and other CALIFORNIA CLASS Members who assisted
6   handicapped children with the lift assist onto the bus.  If PLAINTIFF and other CALIFORNIA
7   CLASS Members did not use the lift assist when picking up handicapped children, then
8   DEFENDANT did not pay them the commission wages.  Only if the list assist was used by
9   PLAINTIFF and CALIFORNIA CLASS Members when picking up handicapped children did
10  DEFENDANT pay the lift payment or commission payment. However, when calculating the
11  regular rate of pay in order to pay overtime to PLAINTIFF and other CALIFORNIA CLASS
12  Members, DEFENDANT failed to include this incentive compensation as part of the
13  employees' "regular rate of pay" for purposes of calculating overtime pay.  Management and
14  supervisors described the incentive program to potential and new employees as part of the
15  compensation package.  As a matter of law, the incentive compensation received by
16  PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate
17  of pay."  The failure to do so has resulted in a systematic underpayment of overtime
18  compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANT.

19          10.    In violation of the applicable sections of the California Labor Code and the
20  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANT as
21  a matter of company policy, practice and procedure, intentionally, knowingly and systematically
22  failed to compensate PLAINTIFF and the other members of the CALIFORNIA CLASS at the
23  correct rate of pay for all federal overtime worked.  This uniform policy and practice of
24  DEFENDANT was intended to purposefully avoid the payment of the correct federal overtime
25  compensation as required by the FLSA which allowed DEFENDANT to illegally profit and
26  gain an unfair advantage over competitors who complied with the law. To the extent equitable
27  tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the

28

CALIFORNIA CLASS PERIOD should be adjusted accordingly.

11.     As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were also from time to time unable to take rest breaks. During the CALIFORNIA CLASS PERIOD, PLAINTIFF and other CALIFORNIA CLASS Members were also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees were denied their first rest periods of at least ten (10) minutes for every shift worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for every shift worked of ten (10) hours or more.  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were systemically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.  Specifically, DEFENDANT's dispatchers assigned PLAINTIFF and other CALIFORNIA CLASS Members routes and gave directions for their assigned routes and the expected times of arrival.  The time pressure to arrive for their route on time was so severe, that there was little to no time for PLAINTIFF and other CALIFORNIA CLASS Members to take timely, off-duty rest periods.  DEFENDANT was aware that PLAINTIFF and CALIFORNIA CLASS Members were regularly denied the opportunity to take rest periods due to the burdensome workload and time constraints placed upon them by DEFENDANT's assignments, but DEFENDANT nevertheless refused to authorize premium pay for missed or interrupted rest periods.

12.     From time to time, DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage statements which failed to show, among other things, the correct amount of gross wages earned, the correct federal overtime rates for overtime worked, including, work performed in excess of forty (40) hours in any workweek, and the correct penalty payments or missed rest periods. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her employees with

an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate.  Additionally, DEFENDANT failed to list the total hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members each pay period because of DEFENDANT's policy that required CALIFORNIA LABOR SUB-CLASS Members to work off the clock as described herein.  Specifically, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have been injured by DEFENDANT's intentional violation of California Labor Code Section 226(a) because they have been denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements. PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have been injured as a result of having to bring this action to attempt to obtain correct wage information following DEFENDANT's refusal to comply with many of the mandates of the California Labor Code and related laws and regulations As a result, from time to time DEFENDANT provides PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.  Aside, from the violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.

13.    By reason of this uniform conduct applicable to PLAINTIFF and all CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy and procedure which failed to accurately calculate and record the correct minimum wage compensation for time worked by PLAINTIFF and other CALIFORNIA CLASS Members and also failed to provide off-duty rest periods. The proper calculation of these employees' wages is the DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required minimum wage compensation for work performed by the members of the CALIFORNIA CLASS and violated the California Labor

Code and regulations promulgated thereunder as herein alleged.

14.    Specifically as to PLAINTIFF, DEFENDANT required him to work off the clock without paying him for all the time he was under DEFENDANT's control.  As to PLAINTIFF's pay, DEFENDANT provided compensation to him in the form of two components.  One component of PLAINTIFF's compensation was a base hourly wage. The second component of PLAINTIFF's compensation was DEFENDANT's non-discretionary incentive program that paid PLAINTIFF incentive wages based on his performance for DEFENDANT.  Specifically, PLAINTIFF, when he was required to use lift assist with handicapped children, was compensated by DEFENDANT with incentive pay in the amount of $7.00 daily called lift pay or "comm." pay.   DEFENDANT unlawfully excluded from the overtime payments the commission paid to when he assisted handicapped children with the lift assist onto the bus.  If PLAINTIFF did not use the lift assist when picking up handicapped children, then DEFENDANT did not pay him the commission wages.  Only if the list assist was used by PLAINTIFF when picking up handicapped children did DEFENDANT pay the lift payment or comm. Payment commission wages.  PLAINTIFF met DEFENDANT's predefined eligibility performance requirements (i.e. using the lift assist when picking up handicapped children) in pay periods throughout her employment with DEFENDANT and DEFENDANT paid PLAINTIFF the incentive wage.  During these pay periods in which PLAINTIFF was paid the non-discretionary incentive wages by DEFENDANT, PLAINTIFF also worked federal overtime for DEFENDANT, but DEFENDANT never included this incentive compensation in PLAINTIFF's regular rate of pay for the purposes of calculating what should have been PLAINTIFF's accurate federal overtime rate and thereby underpaid PLAINTIFF for federal overtime worked throughout her employment with DEFENDANT.   This incentive compensation paid by DEFENDANT constituted wages within the meaning of the Fair Labor Standards Act and thereby should have been part of PLAINTIFF's regular rate of pay."  PLAINTIFF was also required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, PLAINTIFF was denied his first rest period of at least ten

(10) minutes for every shift worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for every shift worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for every shift worked of ten (10) hours or more.  PLAINTIFF was also not provided with one hour wages in lieu thereof. DEFENDANT also provided PLAINTIFF with a pay stub that failed to accurately display PLAINTIFF's correct amount of gross wages earned and all time worked, and correct rates of federal overtime pay for certain pay periods in violation of Cal. Lab. Code § 226(a).  To date, DEFENDANT has not fully paid PLAINTIFF the wages still owed to him or any penalty wages owed to him under Cal. Lab. Code § 203.    The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

15.     This action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3). Defendant removed this action to Federal Court from the Superior Court of California, County of San Francisco on the basis that Defendant contends there is jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1446.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and/or maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district.  Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of San Francisco, but was later removed by DEFENDANT to this Court.

## THE CALIFORNIA CLASS

17.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class

1  Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California class,

2  defined as all individuals who are or previously were employed by DEFENDANT in California

3  as bus drivers and classified as non-exempt employees (the "CALIFORNIA CLASS") at any

4  time during the period beginning four (4) years prior to the filing of this Complaint and ending

5  on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount

6  in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

7  dollars ($5,000,000.00).

8      18.    To the extent equitable tolling operates to toll claims by the CALIFORNIA

9  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

10  accordingly.

11      19.    DEFENDANT, as a matter of company policy, practice and procedure, and in

12  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

13  requirements, and the applicable provisions of California law, intentionally, knowingly, and

14  wilfully, engaged in a practice whereby DEFENDANT systematically failed to correctly

15  calculate and record minimum wage compensation for all time worked by PLAINTIFF and the

16  other members of the CALIFORNIA CLASS, even though DEFENDANT enjoyed the benefit

17  of this work, required employees to perform this work and permitted or suffered to permit this

18  federal overtime work.

19      20.    DEFENDANT has the legal burden to establish that each and every

20  CALIFORNIA CLASS Member was paid for all time worked.  DEFENDANT, however, as a

21  matter of uniform and systematic policy and procedure failed to have in place during the

22  CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure

23  that each and every CALIFORNIA CLASS Member is paid for all time worked, so as to satisfy

24  their burden.  This common business practice applicable to each and every CALIFORNIA

25  CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive

26  under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages,

27  and reliance are not elements of this claim.

28

1    21.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA

2  CLASS Members is impracticable.

3    22.    DEFENDANT uniformly violated the rights of the CALIFORNIA CLASS under

4  California law by:

5            (a)    Committing an act of unfair competition in violation of the California

6                   Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

7                   violating §§ 1194, 1197 & 1197.1 by unlawfully, unfairly and/or

8                   deceptively having in place company policies, practices and procedures

9                   that failed to pay all minimum wages due the CALIFORNIA CLASS for

10                  all time worked;

11           (b)    Committing an act of unfair competition in violation of the California

12                  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

13                  violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et*

14                  *seq.*, by failing to pay the correct federal overtime wages to the

15                  PLAINTIFF and the members of the CALIFORNIA CLASS as legally

16                  required by the FLSA, and retaining the unpaid federal overtime to the

17                  benefit of DEFENDANT.;

18           (c)    Committing an act of unfair competition in violation of the California

19                  Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by

20                  failing to provide mandatory rest breaks to PLAINTIFF and the

21                  CALIFORNIA CLASS members.

22    23.    This Class Action meets the statutory prerequisites for the maintenance of a Class

23  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

24           (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

25                  that the joinder of all such persons is impracticable and the disposition of

26                  their claims as a class will benefit the parties and the Court;

27           (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

28

that are raised in this Complaint are common to the CALIFORNIA CLASS will apply uniformly to every member of the CALIFORNIA CLASS;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the other members of the CALIFORNIA CLASS, was a non-exempt employee paid on an hourly basis and paid an additional non-discretionary incentive wage who was subjected to the DEFENDANT's practice and policy which fails to pay the correct rate of federal overtime wages due to the CALIFORNIA CLASS for all federal overtime worked by the CALIFORNIA CLASS and thereby systematically underpaid federal overtime compensation to the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

24.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in

that:

(a)   Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due. Including the correct federal overtime rate, for all worked by the members of the CALIFORNIA CLASS as required by law;

1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFF seeks declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute

unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting

their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4)   A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3)

25.   This Court should permit this action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual CALIFORNIA CLASS Members because the DEFENDANT's employment practices are uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is

1    maintained as a Class Action;

2    (e)    There is a community of interest in obtaining appropriate legal and
3            equitable relief for the acts of unfair competition, statutory violations and
4            other improprieties, and in obtaining adequate compensation for the
5            damages and injuries which DEFENDANT's actions have inflicted upon
6            the CALIFORNIA CLASS;

7    (f)    There is a community of interest in ensuring that the combined assets of
8            DEFENDANT are sufficient to adequately compensate the members of
9            the CALIFORNIA CLASS for the injuries sustained;

10   (g)    DEFENDANT has acted or refused to act on grounds generally applicable
11           to the CALIFORNIA CLASS, thereby making final class-wide relief
12           appropriate with respect to the CALIFORNIA CLASS as a whole;

13   (h)    The members of the CALIFORNIA CLASS are readily ascertainable from
14           the business records of DEFENDANT; and,

15   (i)    Class treatment provides manageable judicial treatment calculated to bring
16           a efficient and rapid conclusion to all litigation of all wage and hour
17           related claims arising out of the conduct of DEFENDANT as to the
18           members of the CALIFORNIA CLASS.

19   26.    DEFENDANT maintains records from which the Court can ascertain and identify
20   by job title each of DEFENDANT's employees who as have been systematically, intentionally
21   and uniformly subjected to DEFENDANT's company policy, practices and procedures as herein
22   alleged.  PLAINTIFF will seek leave to amend the Complaint to include any additional job titles
23   of similarly situated employees when they have been identified.

24

25   **THE CALIFORNIA LABOR SUB-CLASS**

26   27.    PLAINTIFF further brings the Second, Third and Fourth Causes of Action on
27   behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS classified

28

1  as non-exempt employees (the "CALIFORNIA LABOR SUB-CLASS") at any time during the

2  period three (3) years prior to the filing of the complaint and ending on the date as determined

3  by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ.

4  Proc. 23(b)(2) and/or (3).  The amount in controversy for the aggregate claim of CALIFORNIA

5  LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

6         28.    DEFENDANT, as a matter of company policy, practice and procedure, and in

7  violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order

8  requirements, and the applicable provisions of California law, intentionally, knowingly, and

9  wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate minimum

10  wage compensation for the time worked by PLAINTIFF and the other members of the

11  CALIFORNIA LABOR SUB-CLASS, even though DEFENDANT enjoyed the benefit of this

12  work, required employees to perform this work and permitted or suffered to permit this work.

13  DEFENDANT has uniformly denied these CALIFORNIA LABOR SUB-CLASS Members

14  wages at the correct amount to which these employees were entitled in order to unfairly cheat

15  the competition and unlawfully profit.  To the extent equitable tolling operates to toll claims by

16  the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR

17  SUB-CLASS PERIOD should be adjusted accordingly.

18         29.    DEFENDANT maintains records from which the Court can ascertain and identify

19  by name and job title, each of DEFENDANT's employees who have been systematically,

20  intentionally and uniformly subjected to DEFENDANT's company policy, practices and

21  procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include

22  any additional job titles of similarly situated employees when they have been identified.

23         30.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

24  CALIFORNIA LABOR SUB-CLASS Members is impracticable.

25         31.    Common questions of law and fact exist as to members of the CALIFORNIA

26  LABOR SUB-CLASS, including, but not limited, to the following:

27                (a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay

28

minimum wage compensation to members of the CALIFORNIA LABOR SUB-CLASS in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b) Whether DEFENDANT failed to provide PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate itemized wage statements;

(c) Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d) The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(e) Whether DEFENDANT's conduct was willful.

32.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a) Violating Cal. Lab. Code §§ 1194 & 1197 by incorrectly recording all time worked and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1197;

(b) Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing all accurate and applicable federal overtime rates in effect during the pay period and the corresponding amount of time worked at each federal overtime rate by the employee;

(c) Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR

1    SUB-CLASS who have terminated their employment.

2    33.    This Class Action meets the statutory prerequisites for the maintenance of a Class

3    Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

4        (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS are

5            so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS

6            Members is impracticable and the disposition of their claims as a class

7            will benefit the parties and the Court;

8        (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues

9            that are raised in this Complaint are common to the CALIFORNIA

10           LABOR SUB-CLASS and will apply uniformly to every member of the

11           CALIFORNIA LABOR SUB-CLASS;

12       (c)    The claims of the representative PLAINTIFF are typical of the claims of

13           each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF

14           sustained economic injury as a result of DEFENDANT's employment

15           practices.  PLAINTIFF and the members of the CALIFORNIA LABOR

16           SUB-CLASS were and are similarly or identically harmed by the same

17           unlawful, deceptive, unfair and pervasive pattern of misconduct engaged

18           in by DEFENDANT; and,

19       (d)    The representative PLAINTIFF will fairly and adequately represent and

20           protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has

21           retained counsel who are competent and experienced in Class Action

22           litigation.  There are no material conflicts between the claims of the

23           representative PLAINTIFF and the members of the CALIFORNIA

24           LABOR SUB-CLASS that would make class certification inappropriate.

25           Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously

26           assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

27   34.    In addition to meeting the statutory prerequisites to a Class Action, this action

28

19

is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

    (a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

        1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

        2)    Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

    (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that DEFENDANT uniformly failed to pay all wages due;

    (c)    Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-
CLASS in individually controlling the prosecution or defense of
separate actions in that the substantial expense of individual
actions will be avoided to recover the relatively small amount of
economic losses sustained by the individual CALIFORNIA
LABOR SUB-CLASS Members when compared to the substantial
expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative
litigation that would create the risk of:

A.   Inconsistent or varying adjudications with respect to
individual members of the CALIFORNIA LABOR SUB-
CLASS, which would establish incompatible standards of
conduct for the DEFENDANT; and/or,

B.   Adjudications with respect to individual members of the
CALIFORNIA LABOR SUB-CLASS would as a practical
matter be dispositive of the interests of the other members
not parties to the adjudication or substantially impair or
impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of
individual CALIFORNIA LABOR SUB-CLASS Members will
avoid asserting their legal rights out of fear of retaliation by
DEFENDANT, which may adversely affect an individual's job
with DEFENDANT or with a subsequent employer, the Class
Action is the only means to assert their claims through a
representative; and,

4)   A class action is superior to other available methods for the fair
and efficient adjudication of this litigation because class treatment

SECOND AMENDED  CLASS ACTION COMPLAINT

Case No. **4:17-cv-04656-KAW**

1        will obviate the need for unduly and unnecessary duplicative

2        litigation that is likely to result in the absence of certification of

3        this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

4    35.    This Court should permit this action to be maintained as a Class Action pursuant

5    to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

6        (a)    The questions of law and fact common to the CALIFORNIA LABOR

7            SUB-CLASS predominate over any question affecting only individual

8            CALIFORNIA LABOR SUB-CLASS Members;

9        (b)    A Class Action is superior to any other available method for the fair and

10            efficient adjudication of the claims of the members of the CALIFORNIA

11            LABOR SUB-CLASS because in the context of employment litigation a

12            substantial number of individual CALIFORNIA LABOR SUB-CLASS

13            Members will avoid asserting their rights individually out of fear of

14            retaliation or adverse impact on their employment;

15        (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so

16            numerous that it is impractical to bring all members of the CALIFORNIA

17            LABOR SUB-CLASS before the Court;

18        (d)    PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS

19            Members, will not be able to obtain effective and economic legal redress

20            unless the action is maintained as a Class Action;

21        (e)    There is a community of interest in obtaining appropriate legal and

22            equitable relief for the acts of unfair competition, statutory violations and

23            other improprieties, and in obtaining adequate compensation for the

24            damages and injuries which DEFENDANT's actions have inflicted upon

25            the CALIFORNIA LABOR SUB-CLASS;

26        (f)    There is a community of interest in ensuring that the combined assets of

27            DEFENDANT are sufficient to adequately compensate the members of

28

1    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

2    (g)   DEFENDANT has acted or refused to act on grounds generally applicable

3    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-

4    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-

5    CLASS as a whole;

6    (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily

7    ascertainable from the business records of DEFENDANT; and,

8    (i)   Class treatment provides manageable judicial treatment calculated to bring

9    a efficient and rapid conclusion to all litigation of all wage and hour

10   related claims arising out of the conduct of DEFENDANT as to the

11   members of the CALIFORNIA LABOR SUB-CLASS.

12

13   **FIRST CAUSE OF ACTION**

14   **For Unlawful Business Practices**

15   **[Cal. Bus. And Prof. Code §§  17200, *et seq*.]**

16   **(By PLAINTIFF and the CALIFORNIA CLASS and Against All Defendants)**

17   36.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

18   incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

19   Complaint.

20   37.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof.

21   Code § 17021.

22   38.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines

23   unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section

24   17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair

25   competition as follows:

26       Any person who engages, has engaged, or proposes to engage in unfair
         competition may be enjoined in any court of competent jurisdiction. The court
27       may make such orders or judgments, including the appointment of a receiver, as
         may be necessary to prevent the use or employment by any person of any practice

28

1
2

which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

3      Cal. Bus. & Prof. Code § 17203.

4           39.    By the conduct alleged herein, DEFENDANT has engaged and continues to

5      engage in a business practice which violated California law, including but not limited to, the

6      applicable Wage Order(s), the California Code of Regulations and the California Labor Code

7      including Sections 204, 226.7, 512, 558, 1194, 1197, 1197.1 & 1198, and the Fair Labor

8      Standards Act and federal regulations promulgated thereunder, for which this Court should

9      issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may

10     be necessary to prevent and remedy the conduct held to constitute unfair competition, including

11     restitution of wages wrongfully withheld.

12          40.    By the conduct alleged herein, DEFENDANT's practices were unlawful and

13     unfair in that these practices violated public policy, were immoral, unethical, oppressive,

14     unscrupulous or substantially injurious to employees, and were without valid justification or

15     utility for which this Court should issue equitable and injunctive relief pursuant to Section

16     17203 of the California Business & Professions Code, including restitution of wages wrongfully

17     withheld.

18          41.    By the conduct alleged herein, DEFENDANT's practices were deceptive and

19     fraudulent in that DEFENDANT's uniform policy and practice failed to pay PLAINTIFF, and

20     other members of the CALIFORNIA CLASS, Fair Labor Standards Act wages due for overtime

21     worked as a result of failing to include the incentive compensation into their regular rates for

22     purposing of computing federal overtime pay, failed to accurately record the applicable rate of

23     all federal overtime worked, and failed to provide off-duty rest periods, pursuant to the

24     applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal.

25     Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable

26     relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully

27     withheld.

28

SECOND AMENDED  CLASS ACTION COMPLAINT

42.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

43.     By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide mandatory rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as required by Cal. Lab. Code §§ 226.7 and 512.

44.     PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

45.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all federal overtime worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

46.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

47.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all federal overtime worked.

48.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

49.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

50.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

51.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

52.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

53.     Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

54.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

55.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked, including off the clock time tasks that the CALIFORNIA CLASS Members engaged in for DEFENDANT.  As set forth herein, DEFENDANT's uniform policy and practice was to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

56.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

57.     In committing these violations of the California Labor Code, DEFENDANT inaccurately calculated the correct time worked and consequently underpaid the actual time worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

58.     As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS did not receive the correct minimum wage compensation for their time worked for DEFENDANT.

59.     During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

1    they were entitled to, constituting a failure to pay all earned wages.

2        60.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

3    compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

4    CLASS for the true time they worked, PLAINTIFF and the other members of the

5    CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

6    injury in amounts which are presently unknown to them and which will be ascertained

7    according to proof at trial.

8        61.    DEFENDANT knew or should have known that PLAINTIFF and the other

9    members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time

10   worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

11   nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

12   for their labor as a matter of uniform company policy, practice and procedure, and

13   DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other

14   members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their

15   time worked.

16       62.    In performing the acts and practices herein alleged in violation of California labor

17   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

18   all time worked and provide them with the requisite compensation, DEFENDANT acted and

19   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

20   members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard

21   for their legal rights, or the consequences to them, and with the despicable intent of depriving

22   them of their property and legal rights, and otherwise causing them injury in order to increase

23   company profits at the expense of these employees.

24       63.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

25   therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

26   well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

27   by the California Labor Code and/or other applicable statutes.  To the extent minimum wage

28

1   compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

2   who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

3   201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

4   under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these

5   CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein

6   was willful, intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

7   LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

8

9                                **THIRD CAUSE OF ACTION**

10                    **For Failure to Provide Accurate Itemized Statements**

11                                   **[Cal. Lab. Code § 226]**

12          **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

13                                        **Defendants)**

14          64.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

15   reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs

16   of this Complaint.

17          65.     Cal. Labor Code § 226 provides that an employer must furnish employees with

18   an "accurate itemized" statement in writing showing:

19          (1) gross wages earned,

20          (2) total hours worked by the employee, except for any employee whose compensation

21          is solely based on a salary and who is exempt from payment of overtime under

22          subdivision (a) of Section 515 or any applicable order of the Industrial Welfare

23          Commission,

24          (3) the number of piecerate units earned and any applicable piece rate if the employee

25          is paid on a piece-rate basis,

26          (4) all deductions, provided that all deductions made on written orders of the employee

27          may be aggregated and shown as one item,

28

1   (5) net wages earned,

2   (6) the inclusive dates of the period for which the employee is paid,

3   (7) the name of the employee and his or her social security number, except that by

4   January 1, 2008, only the last four digits of his or her social security number or an

5   employee identification number other than a social security number may be shown on

6   the itemized statement,

7   (8) the name and address of the legal entity that is the employer, and

8   (9) all applicable hourly rates in effect during the pay period and the corresponding

9   number of hours worked at each hourly rate by the employee.

10   66.    From time to time, DEFENDANT failed to provide PLAINTIFF and the other

11   members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate wage

12   statements which failed to show, among other things, the correct amount of gross wages earned,

13   the correct federal overtime rate for federal overtime worked, including, work performed in

14   excess of forty (40) hours in any workweek, and the correct penalty payments or missed rest

15   periods.  Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

16   employees with an accurate itemized wage statement in writing showing, among other things,

17   gross wages earned and all applicable hourly rates in effect during the pay period and the

18   corresponding amount of time worked at each hourly rate.  Additionally, DEFENDANT failed

19   to list the total hours worked by PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS

20   Members each pay period because of DEFENDANT's policy that required CALIFORNIA

21   LABOR SUB-CLASS Members to work off the clock as described herein.  Specifically,

22   PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members have been injured by

23   DEFENDANT's intentional violation of California Labor Code Section 226(a) because they

24   have been denied both their legal right to receive, and their protected interest in receiving,

25   accurate, itemized wage statements.  PLAINTIFF and other CALIFORNIA LABOR SUB-

26   CLASS Members have been injured as a result of having to bring this action to attempt to

27   obtain correct wage information following DEFENDANT's refusal to comply with many of the

28

1    mandates of the California Labor Code and related laws and regulations As a result, from time

2    to time DEFENDANT provides PLAINTIFF and the other members of the CALIFORNIA

3    CLASS with wage statements which violated Cal. Lab. Code § 226.  Aside, from the violations

4    listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFF an itemized wage

5    statement that lists all the requirements under California Labor Code 226 *et seq*.

6        67.    DEFENDANT knowingly and intentionally fails to comply with Cal. Lab. Code

7    § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

8    LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended

9    calculating the correct rates for the federal overtime worked and the amount of employment

10    taxes which were not properly paid to state and federal tax authorities.  These damages are

11    difficult to estimate.  Therefore, PLAINTIFF and the other members of the CALIFORNIA

12    LABOR SUB-CLASS may elect to recover liquidated damages of fifty dollars ($50.00) for the

13    initial pay period in which the violation occurred, and one hundred dollars ($100.00) for each

14    violation in a subsequent pay period pursuant to Cal. Lab. Code § 226, in an amount according

15    to proof at the time of trial (but in no event more than four thousand dollars ($4,000.00) for

16    PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

17

18                    **<u>FOURTH CAUSE OF ACTION</u>**

19                    **For Failure to Pay Wages When Due**

20                    **[Cal. Lab. Code §§ 201, 202, 203]**

21        **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

22                            **Defendants)**

23        68.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS,

24    reallege and incorporate by reference, as though fully set forth herein, the prior paragraphs of

25    this Complaint.

26        69.    Cal. Lab. Code § 200 provides that:

27        As used in this article:
        (a) "Wages" includes all amounts for labor performed by employees of every

28

description, whether the amount is fixed or ascertained by the standard of time, task, piece, Commission basis, or other method of calculation.
(b) "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

70.     Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

71.     Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

72.     There was no definite term in PLAINTIFF's or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

73.     Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

74.     The employment of PLAINTIFF and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of federal overtime wages and minimum wages due to these employees as required by law.

75.     Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has terminated and who are owed wages, PLAINTIFF demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

**FIFTH CAUSE OF ACTION**

**For Violation of the Private Attorneys General Act**

**[Cal. Lab. Code §§ 2698, et seq.]**

**(By Plaintiff and Against All Defendants)**

76.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-75, supra, as though fully set forth at this point.

77.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.   An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.   The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims cannot be subject to arbitration.

78.     Plaintiff , and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act, brings this Representative Action on behalf of the State of California with respect to himself and  all individuals who are or previously were employed by DEFENDANT as bus drivers and classified as non-exempt employees  in California during the time period of July 6, 2016 until the present (the "AGGRIEVED EMPLOYEES").

79.     On July 13, 2017, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency (the "Agency") and the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3. See Exhibit #1, attached hereto and incorporated by this reference herein.  The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired.  As a result, pursuant to Section

2699.3, Plaintiff  may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

80.     The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendant (a) failed to properly record and pay Plaintiff and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 201, 202, 203, 204, 226(a), 226.7, 256, 558, 1194, 1197, 1197.1 and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct.  Plaintiff hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the other AGGRIEVED EMPLOYEES.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

C)   An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

D)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to

1              PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2   2.     On behalf of the CALIFORNIA LABOR SUB-CLASS:

3       A)     That the Court certify the Second, Third and Fourth Causes of Action asserted by

4              the CALIFORNIA LABOR SUB-CLASS as a class action pursuant to Fed. R.

5              Civ. Proc. 23(b)(2) and/or (3);

6       B)     Compensatory damages, according to proof at trial, including compensatory

7              damages for FLSA overtime compensation and minimum wage compensation

8              due PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

9              CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD

10             plus interest thereon at the statutory rate;

11      C)     The greater of all actual damages or fifty dollars ($50) for the initial pay period

12             in which a violation occurs and one hundred dollars ($100) per each member of

13             the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay

14             period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and

15             an award of costs for violation of Cal. Lab. Code § 226; and,

16      D)     The wages of all terminated employees in the CALIFORNIA LABOR

17             SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

18             until an action therefore is commenced, in accordance with Cal. Lab. Code § 203.

19   3.     On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

20       A)     Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

21             General Act of 2004.

22   4.     On all claims:

23       A)     An award of interest, including prejudgment interest at the legal rate;

24       B)     Such other and further relief as the Court deems just and equitable; and,

25      C)     An award of penalties, attorneys' fees and cost of suit, as allowable under the

26             law, including, but not limited to, pursuant to Labor Code §218.5, §226, §1194

27             and/or §1197.

28

Dated: February 13, 2019          BLUMENTHAL NORDREHAUG BHOWMIK
                                  DE BLOUW LLP


                                          /s/ Norman Blumenthal
                                  By: _____
                                      Norman B. Blumenthal
                                      Attorneys for Plaintiff

1

## **DEMAND FOR A JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

Dated:   February 13, 2019                    BLUMENTHAL NORDREHAUG BHOWMIK
DE BLOUW LLP

5

6

                                                                /s/ Norman Blumenthal
                                                    By: _____

7                                                                Norman B. Blumenthal
                                                                Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SECOND AMENDED  CLASS ACTION COMPLAINT
Case No. **4:17-cv-04656-KAW**