UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHANU VIKRAM,<br>　　　　Plaintiff,<br>　　v.<br>FIRST STUDENT MANAGEMENT, LLC,<br>　　　　Defendant. | Case No. 17-cv-04656-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br>Re: Dkt. No. 59 |

On March 7, 2019, the Court granted Plaintiff Bhanu Vikram's motion for preliminary approval of a class settlement. (Dkt. No. 57.) On May 3, 2019, the parties filed a stipulation to modify the class settlement, such that uncashed settlement checks would not go to the California Department of Industrial Relations ("DIR") because the DIR was no longer accepting uncashed class action settlement checks. (Dkt. No. 59 at 1.) Instead, the uncashed settlement checks would go to "California Rural Legal Assistance, a non-profit organization providing civil legal services to low income individuals . . . ." (*Id.*) The parties also requested that the hearing on the motion for final approval be continued to August 15, 2019. (*Id.* at 2.)

The Court requires supplemental briefing as to why California Rural Legal Assistance is an appropriate *cy pres* beneficiary. In general, "[t]he *cy pres* doctrine allows a court to distribute unclaimed or non-distributable portions of a class action settlement fund to the 'next best' class of beneficiaries." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1036 (9th Cir. 2011). Thus, the *cy pres* beneficiary "must account for the nature of the plaintiffs' lawsuit, the objectives of the underlying statutes, and the interests of the silent class members, including their geographic diversity." *Id.* Here, it is unclear that the proposed *cy pres* beneficiary is sufficiently related to the subject matter of the lawsuit and the geographic diversity of the class members, particularly when it appears that

California Rural Legal Assistance focuses on providing assistance to rural communities. Thus, the parties shall explain why California Rural Legal Assistance fulfills the requirements for *cy pres* beneficiaries, as stated above. The parties shall also identify any relationships the parties or their counsel have with California Rural Legal Assistance. The parties' supplemental brief is due no later than **May 20, 2019**.

Additionally, the Court notes that it is unavailable on August 15, 2019, as stated on the Court calendar. The Court is, however, available on August 29, 2019. The parties shall state in their supplemental brief if they are available on August 29, 2019, or if a later date is required.

IT IS SO ORDERED.

Dated: May 9, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge